### Joel HARRISON

v.

### PORSCHE PLUS.

No. 4327.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1986.

Decided Jan. 27, 1987.

James C. Hunt (orally), Stephen W. Devine, Daniel G. Lilley, Law Offices, Portland, for plaintiff.

Kelly, Remmel & Zimmerman, Graydon G. Stevens (orally), U. Charles Remmel, II, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

The plaintiff, Joel Harrison, appeals from a judgment entered in Superior Court, York County, in favor of the defendant, Porsche Plus (a partnership),[1] after jury trial on Harrison's claim for personal injuries incurred while riding in an automobile operated by Ralph Small, a Porsche Plus partner. The sole issue at trial was whether, in the operation of the automobile, Small was acting on behalf of Porsche Plus or solely in his individual capacity. The sole issue on appeal is whether a response

---

**1.** Because neither party questions the capacity of the partnership to be sued in the partnership name, we consider the issue presented on appeal as if Porsche Plus were an appropriate party defendant.

to the plaintiff's request for admissions addressed to Small individually was properly excluded on the motion in limine of Porsche Plus. Because the trial court acted correctly, we affirm the judgment.

The procedural history of this case is significant in our consideration of Harrison's appeal. Suit was originally commenced against Small individually, from whom Harrison, in October 1984, requested certain admissions pursuant to M.R.Civ.P. 36. In a response signed by his attorney, Small admitted that he was acting "in the course of his business and within the scope of his employment" on the occasion of Harrison's injury. Thereafter, the complaint was amended to add "Ralph Small, doing business as Porsche Plus" as a defendant. In August 1985 the court permitted the dismissal of Small in his personal capacity and the substitution of "Porsche Plus, a partnership" for "Ralph Small, d/b/a." Prior to trial Porsche Plus moved in limine to exclude reference to Small's admission on the ground that Small had settled the action and had been dismissed as a party. Porsche Plus also sought exclusion of Small's deposition on the ground that it was taken before Porsche Plus was joined as a party. At trial the deposition was used to impeach Small's trial testimony, but no reference to his rule 36 admission was permitted.

On appeal Harrison contends that as a result of Porsche Plus's failure to move either to withdraw or amend Small's admission, Harrison should have been able to rely upon Small's response to establish conclusively the facts admitted. Alternatively, Harrison argues that Small's admissions were independently admissible as evidence pursuant to 31 M.R.S.A. § 291 (1978) and M.R.Evid. 801(d)(2). Harrison's arguments are premised on a misunderstanding of the nature and function of rule 36.

Rule 36(b) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Although not expressly stated, implicit in the nature of the rule is the limitation that such an admission will bind only the party making it. Common sense suggests that the action or inaction of one party ought not bind any other party. *Cf. Wilson v. Galt*, 100 N.M. 227, 668 P.2d 1104, 1113 (Ct.App.1983) (rule 36 admissions apply to and bind the party making the admission, not adverse co-defendants); *Texas Supply Center, Inc. v. Daon Corp.*, 641 S.W.2d 335, 338 (Tex.App.1982) (successor-in-interest not bound by predecessor-in-interest's failure to respond to request for admissions). Moreover, under rule 36(b) even the party making an admission is not bound thereby for any purpose in other than the pending action nor may it be used against him in any other proceeding. As the first sentence of rule 36(a) implies, the words "pending action" mean the action pending at the time of service of a request for admission. The action against Porsche Plus was not pending in October 1984. Small's response, therefore, is ineffective in the action before us for two reasons. First, the response is effective as an admission only against Small in his individual capacity and second, the response is effective as an admission only in the action then pending against Small.

Harrison's alternative argument fails for the reason that rule 36 admissions are not evidentiary admissions at all. They could be more accurately described as stipulations that concede certain facts for the purpose of the pending action only. The rule 36(b) limitation upon the use of such stipulations promotes the purpose of simplifying the issues without binding the party for other purposes. Indeed, a party may be willing to stipulate contrary to actual fact when that fact is not of consequence to that party. To equate Small's response with the evidentiary admissions contemplated by M.R.Evid. 801(d)(2) would hamper counsel in the effective use of rule 36 and frustrate the limitation imposed by rule 36(b). We conclude, therefore, that the court did not err in precluding all reference to Small's response to Harrison's rule 36 request for admissions.

The entry is:

Judgment affirmed.

All concurring.