1999 ME 171

**RAYMOND, PSONAK et al.**

v.

**Peter ROBERTS et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1999.

Decided Nov. 23, 1999.

Raymond, Psonak, Janet Rita, Psonak, General Delivery, Old Orchard Beach, for the appellants.

Joel C. Martin, Petruccelli & Martin, Portland, for the appellees.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

PER CURIAM.

[¶ 1] Raymond, Psonak and Janet Rita, Psonak appeal the grant of a summary judgment by the Superior Court (York County, *Perkins, A.R.J.*) to Peter and Patricia Roberts in an action for ejectment brought by the Psonaks against the Robertses. The Psonaks claim a right to possession of a residential property located at 27 Date Street, Old Orchard Beach. The Psonaks argue that the court erred in granting a summary judgment to the Robertses. We affirm, and because we find that the Psonaks' appeal is frivolous and without merit, we impose sanctions of $500.

[¶ 2] The Psonaks acquired the parcel of property located at 27 Date Street in August 1987. In March and November 1992, the Psonaks executed and delivered two mortgage deeds to Saco & Biddeford Savings Institution to secure two promissory notes. The Psonaks subsequently defaulted on the notes, and Saco & Biddeford Savings Institution brought an action for foreclosure of the mortgages. Although they refused service of process in the action because of the failure to include commas in their names, the Psonaks appeared in the foreclosure action and filed several motions. The court entered a judgment of

foreclosure and sale, and denied the Psonaks' motion for post-judgment relief. The Psonaks did not appeal.

[¶ 3] The property was sold at auction to Timothy Madden who sold it to the Robertses. The Psonaks then brought an action for ejectment against the Robertses.[1] Contesting the Psonaks' claim, the Robertses made a motion for a summary judgment accompanied by a statement of undisputed material facts. Although the Psonaks filed several motions, they failed to file a statement of disputed material facts in response to the Robertses' statement of undisputed facts. Additionally, the Psonaks did not respond to the Robertses' request for admissions. The court granted a summary judgment for the Robertses finding no genuine issue of material fact.

■ [¶ 4] "[A] party is entitled to a summary judgment if there is no genuine issue of material fact and that party is entitled to judgment as a matter of law." *Chadwick–BaRoss, Inc. v. T. Buck Constr., Inc.*, 627 A.2d 532, 534 (Me.1993) (citations omitted). Because the Psonaks failed to file a statement of disputed facts or respond to the Robertses' request for admissions, all of those facts are deemed admitted. *See* M.R. Civ. P. 7(d)(2) & 36(a); *Biette v. Scott Dugas Trucking and Excavating, Inc.*, 676 A.2d 490, 494 (Me.1996); *Diversified Communications, Inc. v. Godard*, 549 A.2d 362, 363 (Me.1988). Therefore, the undisputed facts are that the Psonaks were defendants in a foreclosure action, judgment was entered against them, they did not appeal, the property was sold at auction, and subsequently sold to the Robertses who are the current owners.

■ [¶ 5] To avoid a judgment as a matter of law for the Robertses, the Psonaks had to establish a *prima facie* case for each element of their claim. *See Rippett v. Bemis*, 672 A.2d 82, 85 (Me.1996). In order to establish a *prima facie* case in a real action to recover an estate in real property (the equivalent of the Psonaks' action for ejectment), plaintiffs must show that they have both the title to which they lay claim and a right of entry. *See Strout v. Gammon*, 629 A.2d 43, 45 (Me.1993); *Lewien v. Cohen*, 432 A.2d 800, 802 (Me. 1981). The undisputed and admitted facts do not establish a *prima facie* case with respect to either the Psonaks' claim of title or their claim of a right of entry. The court did not err in granting a summary judgment to the Robertses. *Cf. Commissioner of Human Servs. v. Waldoboro Water Co.*, 1999 ME 36, ¶ 12, 724 A.2d 622, 624.

■ [¶ 6] Additionally, if the Psonaks are to avail themselves of the benefits of the legal system, they are required to abide by its rules, notwithstanding their warning that they intended to do otherwise.[2] We find their appeal following the court's grant of a summary judgment to be frivolous and without merit. Consequently, we impose sanctions in the amount of $500 to be paid by the Psonaks to the Robertses pursuant to M.R. Civ. P. 76(f).

The entry is:

Judgment affirmed with sanctions against the appellants in the amount of $500.

---

1. Although the Psonaks failed to cite the statute in their complaint, they brought the equivalent of the statutory real action at law to recover an estate in real property. *See* 14 M.R.S.A. § 6701 (1980); *see also Lewien v. Cohen*, 432 A.2d 800, 802 (Me.1981).

2. In their initial complaint, the Psonaks stated the following:

Plaintiffs will not be using any of the rules of court in processing this complaint. This is a total at law action [ *sic* ], and plaintiffs cannot use any of the rules of court in that [ *sic* ] they are copyrighted to the English Bar Guild to which plaintiffs have not been given waiver of prosecution for their use.