2006 ME 87

Spencer PENN III

v.

FMC CORPORATION.

Supreme Judicial Court of Maine.

Argued: June 13, 2006.

Decided: July 19, 2006.

C. Donald Briggs III, Esq. (orally), Briggs & Counsel, Rockport, for plaintiff.

Wayne A. Graver, Esq. (orally), Lavin, O'Neil, Ricci, Cedrone & Disipio, Philadel-

phia, PA, Clifford H. Ruprecht, Esq., Pierce Atwood, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

LEVY, J.

[¶ 1] Spencer Penn III appeals the grant of a summary judgment by the Superior Court (Knox County, *Wheeler, J.*) in favor of FMC Corporation on Penn's action for negligence. On appeal, Penn contends that a summary judgment was inappropriate because genuine issues of material fact exist as to whether FMC is entitled to statutory immunity under the Workers' Compensation Act, 39–A M.R.S. § 104 (2005). We affirm the judgment.

I. BACKGROUND

[¶ 2] Unless otherwise noted, the following material facts are not in dispute. Penn was an employee of Manpower, an employment agency, and was assigned to work at FMC's Rockland facility beginning in April 1998 and ending when he was injured in November 1998. Manpower paid Penn for his work, and FMC paid Manpower a fee for Penn's services. FMC needed assistance to handle an increase in orders, and opted for temporary help because it was considering an outsourcing plan that eventually would have allowed permanent FMC employees assigned to other areas to work in the area to which Penn was assigned.

[¶ 3] While at FMC, Penn worked as a blender in the specialty blending area under the direction and control of an FMC employee, with possibly some additional supervision by a fellow Manpower employee. Penn contends that the other Manpower employee also worked as a blender and had been employed by Manpower at FMC for more than a year prior to Penn's

assignment to FMC, and that a third Manpower employee also worked as a blender at FMC beginning six to twelve months prior to Penn's arrival.[1]

[¶ 4] On November 4, 1998, Penn was injured while working at FMC. He sought and received workers' compensation benefits for his injuries under Manpower's workers' compensation policy.

[¶ 5] Penn filed this action asserting negligence against FMC in May 2004. FMC filed a motion to dismiss or, in the alternative, for a summary judgment. The Superior Court determined that the undisputed material facts demonstrate that Penn "[fell] squarely into the 'temporary skills shortage' category" at the time of his injury and that FMC is immune from suit under the provisions of section 104 of the Workers' Compensation Act, which provides for employer immunity from civil suits brought by the employees of temporary help agencies under contract with the employer. The court granted a summary judgment in favor of FMC and this appeal followed.

## II. DISCUSSION

### A. Standard of Review

[¶ 6] We review a grant of a summary judgment de novo, taking all facts and inferences in favor of the non-moving party. *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, ¶ 5, 881 A.2d 1138, 1141. An employee's status for purposes of determining an employer's immunity under the Workers' Compensation Act

is a mixed question of law and fact. *Id.* ¶ 13, 881 A.2d at 1143.

### B. The Meaning of "Temporary Help Services"

[¶ 7] An employer that contracts with a private employment agency for temporary help services is, as a general rule, immune from a civil suit brought by an employee of the private employment agency for workplace injuries so long as the agency has secured workers' compensation protection for the employee. 39–A M.R.S. § 104.[2] This case turns on the meaning of "temporary help services" as it is defined by section 104:

[A] service where an agency assigns its own employees to a 3rd party to work under the direction and control of the 3rd party to support or supplement the 3rd party's work force in work situations such as employee absences, temporary skill shortages, seasonal work load conditions and special assignments and projects.

*Id.*

[¶ 8] Penn contends that the Legislature, by using the word "temporary" in section 104, intended for a time limitation to inhere in section 104 beyond which a worker's temporary employment no longer qualifies as "temporary" and the employer's immunity from suit no longer applies. Although Penn raises a variety of challenges to the Superior Court's summary judgment analysis, we address only his principal contention that evidence that at

---

1. Both of these other Manpower employees were eventually employed directly by FMC sometime after Penn's injury.

2. Section 104 provides, in pertinent part, that:

   An employer that uses a private employment agency for temporary help services is entitled to the same immunity from civil actions by employees of the temporary help service as is granted with respect to the employer's own employees as long as the temporary help service has secured the payment of compensation in conformity with sections 401 to 407 [of the Workers' Compensation Act].

   39–A M.R.S. § 104 (2005).

least two other Manpower employees were working at FMC on a long-term basis and that Penn believed his employment at FMC was not temporary because he was never informed to the contrary, establish a genuine dispute of material fact as to whether he was engaged in "temporary help services" at the time of his injury.

[¶ 9] Viewing the summary judgment record in the light most favorable to Penn, the undisputed material facts establish all of the elements for "temporary help services" contained in section 104. First, Penn was employed by Manpower, a temporary help agency. Second, he was assigned to work at FMC under the direction and control of an FMC employee. Finally, his assignment was for the purpose of supporting or supplementing FMC's workforce arising out of, among other things, a potential outsourcing plan that would result in the reassignment of permanent employees. These facts plainly establish that Penn was engaged in "temporary help services" as contemplated by section 104.

[¶ 10] Contrary to Penn's assertion, section 104 does not contain any temporal limit on a temporary employee's "temporary help services" assignment, nor does it require that a temporary services employee be explicitly informed that the assignment is temporary in order for the employer's section 104 immunity to be preserved. Although we found the phrase "to work under the direction and control of the 3rd party" as employed in section 104 to be ambiguous in *Marcoux*, 2005 ME 107, ¶¶ 10–12, 881 A.2d at 1142–43, section 104 is not ambiguous in the constellation of elements that give rise to "temporary help services." 39–A M.R.S. § 104. Even if it were, there is nothing in its legislative history to suggest that the Legislature intended that additional, yet unspoken, elements must be satisfied before an employer who contracts for temporary help services qualifies for immunity from suit.

[¶ 11] As applied in this case, the plain meaning construction of section 104 furthers the overall purpose of the Maine Workers' Compensation Act. Penn, the employee, was compensated for his work-related injury, while Manpower and FMC, his private employment agency and the employer, receive immunity from suit. Neither the fact that Penn worked at FMC for approximately seven months at the time of his injury nor the fact that other Manpower employees were assigned to FMC for periods greater than Penn's assignment, generate a dispute of material fact that if resolved in Penn's favor could negate FMC's section 104 immunity.

The entry is:

Judgment affirmed.