2009 ME 55

## PLATZ ASSOCIATES

v.

## Martin FINLEY et al.

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2009.
Decided: June 2, 2009.

Jeffrey P. White, Esq., Jeffrey P. White and Associates, P.A., Auburn, ME, for Martin Finley.

M. Kelly Matzen, Esq., Trafton & Matzen, LLP, Auburn, ME, for Platz Associates.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, SILVER, and MEAD, JJ.

MEAD, J.

[¶ 1] Martin Finley appeals from a summary judgment entered by the District Court (Lewiston, *Lawrence, J.*) in favor of Platz Associates. Finley argues that there are genuine issues of material fact as to whether the requirements for asserting and perfecting a lien were met and the elements of unjust enrichment were demonstrated. Because genuine issues of material fact exist with respect to the unjust enrichment claim, we vacate that portion of the judgment. We affirm the remainder of the judgment.

## I. BACKGROUND

[¶ 2] Martin Finley is a resident of Wales, Maine, and the owner of a vacant nineteenth-century mill located at 3 Mill Street, Lewiston (Mill Street property). On March 2, 2004, Finley entered into a purchase and sale agreement with Travis Soule, in which Finley agreed to sell the Mill Street property to Soule for $600,000. The purchase and sale agreement included a feasibility period to allow time for the buyer to prepare studies, including concep-

tual architectural drawings for a development project at the Mill Street property.[1]

[¶ 3] Finley and Soule amended the purchase and sale agreement on June 7, 2004; May 12, 2005; March 2, 2006; and March 17, 2007, each time extending the feasibility period beyond the original twelve months to which they had agreed. For reasons unknown, Soule failed to proceed to closing after the March 17, 2007, extension.

[¶ 4] Prior to the final expiration of the purchase and sale agreement and pursuant to the agreement's feasibility period provision, Soule, on behalf of his business, Solo Properties (Solo), entered into an Owner–Architect Agreement with Platz Associates, an architectural firm located in Auburn. The agreement enlisted the architectural services of Platz for "the conversion of the Cowan Mill, a 19th century mill building, into residential condominiums and retail space."[2] On June 8, 2006, Platz sent a Statement of Account to Solo for $149,165.95. From this statement, it appears that the Owner–Architect Agreement was terminated early, with Platz completing only a portion of the anticipated services.

---

1. The Feasibility Period Provision provides in part:

 *J. FEASIBILITY PERIOD.*
 (1) Twelve (12) months (the "Feasibility Period") are allowed from the date of this Agreement for Buyer to conduct and complete so much of the following and other feasibility studies as he deems necessary for his purpose in (i) developing the Project, including an Environmental Assessment, Physical Needs Assessment, Appraisal, Conceptual Architectural Drawings and (ii) an examination of the title to the Real Estate and, in the case of the title, to report in writing any valid objections (hereafter "exceptions") thereof based on the Standards adopted by the Maine State Bar Association.

 . . . .
 (2) In the event that Buyer determines that under the provisions of Paragraph II J it is not feasible for him to proceed with the Project or under the provisions of Paragraph II K one or more categories have not been met, Buyer shall upon notice of same to Seller provide Seller with all copies of documents produced for Buyer in the nature of feasibility studies.

2. The Owner–Architect Agreement does not provide an address for the Cowan Mill, but the record supports the finding that the Cowan Mill and the Mill Street property are the same properties.

[¶ 5] After receiving no response or payment from Solo, Platz filed a lien certificate on the Mill Street property in the Androscoggin County Registry of Deeds, on June 22, 2006. On August 1, 2006, Platz filed a four-count complaint in District Court, alleging that Finley and Solo failed to pay for architectural services performed by Platz on property owned by Finley.[3] Finley, who was pro se at the time, filed a one-sentence response on August 23, 2006, in which he denied having any knowledge of the work Platz performed pursuant to the Owner–Architect Agreement.

[¶ 6] On May 17, 2007, pursuant to M.R. Civ. P. 36, Platz served a request for admission on Finley. Finley, who was still acting pro se at this time, failed to respond to this request.

[¶ 7] On March 28, 2008, Platz filed a motion for summary judgment. Thereafter, Finley retained counsel, and, on April 16, 2008, filed a response to Platz's motion. At no time did Finley or his attorney make a motion to amend or withdraw Finley's default admissions.

[¶ 8] In its statement of material facts, Platz cited to Finley's default admissions to demonstrate that Finley had knowledge of and consented to the Owner–Architect Agreement between Solo and Platz for architectural services at the Mill Street property. In responding to Platz's statements of material fact, Finley admitted owning the Mill Street property, but he denied knowing about or consenting to the Owner–Architect Agreement.

[¶ 9] On September 2, 2008, the court entered summary judgment for Platz on all counts. Finley timely appealed the court's judgment.[4]

## II. DISCUSSION

[¶ 10] We review the grant of summary judgment de novo, reviewing all facts in the light most favorable to the non-moving party. *Penn v. FMC Corp.*, 2006 ME 87, ¶ 6, 901 A.2d 814, 815. A summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements [of material fact] show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law." M.R. Civ. P. 56(c). "A genuine issue of material fact exists when the evidence requires a factfinder to choose between competing versions of the truth." *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504, 507. An issue of fact is material if it "could potentially affect the outcome of the suit." *Id.*

### A. Lien Action

[¶ 11] Finley argues that genuine issues of material fact exist regarding (1) the date Platz last performed architectural services; (2) the amount Platz claimed was due; and (3) Finley's knowledge of and consent to Platz's architectural services.

---

3. Count one—lien action—names Solo and Martin Finley as defendants, and Bradley C. McCurtain, a mortgage holder of the Mill Street property, as defendant party-in-interest. Counts two and three—account annexed and breach of contract—name only Solo as a defendant. Count four—unjust enrichment—names Solo and Finley as defendants.

4. Finley challenges the summary judgment entry as it applies to the counts in which he is a named defendant. Solo Properties and McCurtain have not joined in Finley's appeal or appealed on their own.

### 1. Date Platz Last Performed Architectural Services

[¶ 12] The date on which Platz last performed services is a material fact here because many of the statutory provisions governing liens impose time limits. For example, a lien will be dissolved unless the person claiming the lien files a lien certificate in the office of the register of deeds "within 90 days after ceasing to labor, furnish materials or perform services." 10 M.R.S. § 3253(1)(A) (2008). In addition, in order to preserve and enforce a lien already filed, an action must be "filed with the Superior Court or District Court clerk . . . within 120 days after the last of the labor or services are performed." 10 M.R.S. § 3255(1) (2008).

[¶ 13] Here, the lien certificate for the architectural services Platz provided was recorded on June 22, 2006, and the complaint to enforce the lien was filed on August 1, 2006. Platz's statement of material facts asserts that architectural services provided by Platz last occurred on April 6, 2006.

█ [¶ 14] In support of its statement of material fact that April 6, 2006, was the last date on which it performed services, and in conformance with M.R. Civ. P. 56(h)(4), Platz cites to the affidavit of Bruce Allen.[5] In his affidavit, Allen states that he is the vice president of Platz Associates; he has under his custody and control "records relating to the contractual transaction between Platz Associates and Solo Properties LLC"; the records were made and kept in the ordinary course of business; and his statements are based on his "personal knowledge of the transaction and from said records." Allen states further that the architectural services Platz provided "began with the signing of the contract" and continued "through April 6, 2006."

█ [¶ 15] Finley argues that apart from the Allen affidavit, there is no evidence that April 6, 2006, is the date Platz last provided services.[6] He qualifies Platz's statements of material fact by stating that April 6, 2006, is not the last day work or services were provided, but offers no evidence or documentation to support this statement. Rather, Finley cites to his own affidavit which states "[u]pon information and belief, Platz Associates ceased doing any work on the 3 Mill Street property more than ninety (90) days prior to the filing of the mechanics lien against the 3 Mill Street, Lewiston, Maine property."

██ [¶ 16] Summary judgment practice provides for the use of affidavits, but the affidavits must "be made on personal knowledge," must "set forth such facts as would be admissible in evidence," and must "show affirmatively that the affiant is competent to testify to the matters stated therein." M.R. Civ. P. 56(e). Parties are permitted to rely on the affidavits of interested witnesses, including themselves, *see*

---

5. Platz also cites to Solo's default admissions. These admissions, however, are only effective as an admission against Solo and cannot be used against Finley. *See Harrison v. Porsche Plus*, 520 A.2d 346, 347 (Me.1987) ("[I]mplicit in the nature of [M.R. Civ. P. 36(b)] is the limitation that such an admission will bind only the party making it. Common sense suggests that the action or inaction of one party ought not bind any other party."). Therefore, Solo's admissions are not included in our review.

6. On appeal, Finley appears to be attacking the sufficiency of Allen's affidavit, which sets forth April 6, 2006, as the date that work was last performed. Because Finley did not object to Allen's affidavit at the summary judgment stage, the issue is not preserved for appellate review. *See Peoples Heritage Sav. Bank v. Pease*, 2002 ME 82, ¶ 25, 797 A.2d 1270, 1277.

*Stanley v. Hancock County Comm'rs,* 2004 ME 157, ¶ 19, 864 A.2d 169, 175, but only if the affiant is competent to testify to the matters stated in the affidavit. M.R. Civ. P. 56(e).

[¶ 17] The affidavit used by Platz affirmatively shows that it is based on Allen's personal knowledge, and that Allen had personal knowledge of the date on which Platz last provided services. *See Peoples Heritage Sav. Bank v. Pease,* 2002 ME 82, ¶ 25, 797 A.2d 1270, 1277. The statement of material fact that April 6, 2006, was the last day services were provided is therefore properly supported.

■ [¶ 18] In contrast, Finley's affidavit demonstrates that he is not competent to testify regarding the dates Platz provided services. Finley states that he did not request that work be completed, did not authorize such work, and had no knowledge of the work. He can only aver that "upon information and belief" Platz ceased doing any work on the property in question more than ninety days prior to the filing of the lien. Such a statement is not based on personal knowledge, and does not properly controvert Platz's statement of material fact on the issue. By failing to controvert that Platz last performed services on April 6, 2006, Finley has admitted this fact. *See* M.R. Civ. P. 56(h)(4); *see also Stanley,* 2004 ME 157, ¶ 18, 864 A.2d at 175. Thus, there is no genuine issue that the lien was filed within ninety days as required by 10 M.R.S. § 3253(1)(A), and that the enforcement action was filed within 120 days as required by 10 M.R.S. § 3255(1).

### 2. Amount Claimed Due

■ [¶ 19] Title 10 M.R.S. § 3254 (2008) provides that an inaccuracy in a lien statement will not invalidate the proceeding "unless it appears that the person making it willfully claims more than his due."

[¶ 20] Platz asserts that $149,165.95 represents the full and fair value of the services it provided to Solo. This statement is supported by Allen's affidavit, which cites to an attached exhibit calculating the previous balance, plus interest and termination expenses, as $149,165.95.

[¶ 21] Finley denies this amount and states in his affidavit that he has "been advised, and therefore verily believe[s], that the amount being claimed by Platz is excessive." Again, such a statement is not based on Finley's personal knowledge, and is not supported by an affidavit of someone with personal knowledge. *See* M.R. Civ. P. 56(e). Because Finley has not properly controverted Platz's statement on the amount owed, he has not generated a genuine issue of material fact as to whether Platz willfully claimed more than was due.

### 3. Finley's Knowledge and Consent

■ [¶ 22] Title 10 M.R.S. § 3251 (2008) provides that "[w]hoever performs . . . services as a surveyor, an architect or an engineer . . . in erecting, altering, moving or repairing a house, building or appurtenances . . . by virtue of a contract with or by consent of the owner, has a lien thereon . . . to secure payment thereof, with costs."

[¶ 23] Because there is no contract between Platz and Finley, to establish a lien, Platz must demonstrate that Finley consented to the architectural services performed. We have interpreted "consent," which is not defined in the Maine lien statutes, as requiring the subcontractor, or architect, as is the case here, to "prove (1) knowledge on the part of the owner of the nature and extent of the work being performed on the premises, and (2) conduct on the part of the owner justifying the expectation and belief on the part of the

subcontractor that the owner had consented." *John W. Goodwin, Inc. v. Fox*, 1999 ME 33, ¶ 15, 725 A.2d 541, 544.

■ [¶ 24] Although Finley denies having knowledge of or consenting to Platz's architectural services, his failure to respond to Platz's request for admission establishes as fact that Finley knew about and consented to the work done by Platz. Maine Rule of Civil Procedure 36(a) provides that a "party may serve upon any other party a written request for the admission . . . of the truth" on matters related to the pending action. The rule further provides that "[s]ubject to the provisions of subdivision (b) of this rule, *the matter is admitted* unless . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." M.R. Civ. P. 36(a) (emphasis added). Subdivision (b) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." M.R. Civ. P. 36(b). Thus, while the failure to answer or object to a request for admission can result in the admission of the statements contained therein, the error is not always fatal. A party can move to withdraw or amend an admission, and the court has discretion to permit such modifications. *See Diversified Commc'ns, Inc. v. Godard*, 549 A.2d 362, 363 (Me.1988).

[¶ 25] According to the plain language of Rule 36, Finley's failure to respond to Platz's request for admissions, and his subsequent failure to move the court to amend or withdraw the default admissions "conclusively established" that Finley was aware of the Owner–Architect Agreement between Platz and Solo for the Mill Street property; Finley was aware of the nature and extent of the architectural services provided by this agreement and consented to these services; and that the services improved the Mill Street property. *See* M.R. Civ. P. 36(b); *see also Psonak v. Roberts*, 1999 ME 171, ¶ 4, 740 A.2d 590, 591 (affirming summary judgments when statements of material fact were based on unanswered requests for admissions); *Comm'r of Human Servs. v. Waldoboro Water Co.*, 1999 ME 36, ¶ 12, 724 A.2d 622, 624 (same); *Diversified Commc'ns, Inc.*, 549 A.2d at 363 (same).

[¶ 26] Finley's unanswered request for admissions, Allen's affidavit, and Finley's failure to properly controvert Platz's statements of material fact establish that: the lien and enforcement action were timely filed; the amount claimed was not more than what was due; and Finley knew about and consented to Platz's services, thereby eliminating any genuine issue of material fact on these factors. Summary judgment in favor of Platz on its lien action was therefore proper.

B. Unjust Enrichment

■ [¶ 27] A claim for unjust enrichment requires the complaining party to "show that: (1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." *Me. Eye Care Assocs. v. Gorman*, 2008 ME 36, ¶ 17, 942 A.2d 707, 712 (quotation marks omitted). "Recovery under the doctrine of unjust enrichment is measured by the value of the benefits that the plaintiff proves are actually received and retained by the defendant. . . ." *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 639 A.2d 103, 106 (Me.1994).

## 1. Conferred a Benefit

 [¶ 28] Platz alleges that it provided a benefit to Finley in the form of plans and specifications derived from its architectural services. As a preliminary matter, Platz's statement of material facts does not demonstrate that Finley in fact ever received architectural drawings or plans from Platz, Soule, or anyone else, and Platz's reliance on the purchase and sale agreement does not establish this fact.[7] Although the agreement contains a clause requiring Soule to turn over feasibility documents to Finley in the event that the sale did not go through, the fact that the agreement contained such a provision, does not demonstrate that Soule complied with the provision. In addition, Platz's statements of material fact do not address what transpired leading up to and after Soule's failure to close. Such information could have shed light on whether Soule provided Finley with documents from the feasibility phase.

[¶ 29] Platz has not shown that Finley was given architectural plans, or some other benefit, from any party involved. While Finley may be entitled to the plans as part of his contractual agreement with Soule, this opportunity is not tantamount to directly conferring a benefit upon Finley. Indeed, the statements of material facts fail to demonstrate that Finley actually received and retained the architectural plans, and thus fail to demonstrate the central element of unjust enrichment, a benefit conferred. *See Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 15, 760 A.2d 1041, 1046.

## 2. Appreciation or Knowledge of the Benefit

 [¶ 30] As a party to the purchase and sale agreement for the Mill Street property, Finley arguably had knowledge of the provision whereby Soule would turn over any documents produced during the feasibility period. Platz, however, for its unjust enrichment claim, did not include record references that show Finley knew about or appreciated Soule's agreement with Platz.[8] The second element is therefore not met.

## 3. Acceptance or Retention of the Benefit Would Be Inequitable

[¶ 31] Again, Platz's statement of material facts does not establish that Finley accepted or retained architectural plans prepared by Platz. Even if Finley were to possess these plans, such possession is not inequitable. Pursuant to the purchase and sale agreement Finley entered into with Soule, Finley is entitled to these drawings.

---

7. For these statements, Platz cites to Allen's affidavit and the purchase and sale agreement between Finley and Soule. The two paragraphs cited from Allen's affidavit, paragraphs 6 and 12 address services provided to Soule/Solo properties and do not mention Finley or establish that Finley knew about Platz's agreement with Soule or accepted a benefit from Platz. The provision of the purchase and sale agreement between Finley and Soule, on which Platz relies, states that "[i]n the event that Buyer determines that ... it is not feasible for him to proceed with the Project or [certain] ... contingencies have not been met, Buyer shall upon notice of same to Seller provide Seller with copies of all documents produced for Buyer in the nature of feasibility studies," including conceptual architectural drawings.

8. Platz's statement of material facts for the unjust enrichment claim do not cite to Finley's default admissions, and therefore Platz cannot rely on these admissions to support its summary judgment motion for unjust enrichment. *See* M.R. Civ. P. 56(h)(4); *Bay View Bank, N.A. v. Highland Golf Mortgagees Realty Trust*, 2002 ME 178, ¶ 10, 814 A.2d 449, 452 ("We do not search or consider any part of the record not specifically referenced in the parties' separate statements of material facts.").

Finley's negotiations with Soule included Soule's forfeiture of any plans produced during the feasibility period in the event that Soule failed to proceed to closing, and thus, according to the terms of the contract, Finley has a right to these plans. Finley's retention of something to which he is entitled is not inequitable under any scenario.

[¶ 32] Finley has denied all of Platz's stated material facts concerning the unjust enrichment claim, and adequately supported these denials with his own affidavit in which he states that he has "never been provided with any actual architectural plans, specifications or other work product of Platz Associates"; "Solo properties, LLC has never provided [him] with any copies of the architectural plans, specifications or other work product of Platz Associates"; and he has "never received any value whatsoever from Platz Associates either personal or with respect to anything that could be considered a valuable improvement upon the 3 Mill Street, Lewiston, Maine property." These statements are all within Finley's personal knowledge and comply with the summary judgment rules. M.R. Civ. P. 56(e); 56(h)(4).

[¶ 33] Finley has sufficiently generated an issue of material fact as to whether all the elements of unjust enrichment have been met. Therefore, the summary judgment order as it pertains to this claim is vacated.

The entry is:

Judgment vacated as to count four, unjust enrichment. In all other respects, the judgment is affirmed.