Me/

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-559
JAW - CuM - 3/21/2012

TD BANK, N.A. f/k/a
TD BANKNORTH, N.A.

Plaintiff,

v.

ENVIRON SERVICES, INC. and
ROLAND A. SMALLEY, JR.

Defendants,



STATE OF MAINE
Cumberland, ss, Clerk's Office

MAR 21 2012

RECEIVED

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the court is the plaintiff's Motion for Summary Judgment against
defendants, Environ Services, Inc. and Roland A. Smalley, Jr. The motion was filed on
February 3, 2012. The defendants have not filed an opposition.

### BACKGROUND

On or about August 21, 2006, Roland A. Smalley, Jr. ("Smalley"), in his capacity
as President of Environ Services, Inc. ("Environ") executed a Promissory Note to TB
Bank in the amount of $75,000.00. (Pl. SMF ¶ 1.) This Note is a line of credit, payable
upon demand. (Pl. SMF ¶ 2.) Also on August 21, 2006, Environ executed Commercial
Security Agreements and Smalley, personally, executed a Commercial Guaranty to
secure the Note. (Pl. SMF ¶¶ 3-4.) The Plaintiff, TD Bank, alleges that the Defendants
are in default on the Note, Security Agreement, and Guaranty and seeks payment of
$78,934.24 in principal, interest, late fees, and attorney's fees and costs. (Pl. SMF ¶¶ 5-
6.)

1

## DISCUSSION

The Plaintiff brings this motion for summary judgment on counts of breach of contract and unjust enrichment against Environ and breach of guaranty against Smalley. Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. When the Plaintiff has moved for summary judgment, it is the Plaintiff's burden to demonstrate that each element of its claim is established in the record without dispute as to material fact. *Cach v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015.

*i.     Breach of Contract/Guaranty*

To succeed on a claim for breach of contract the plaintiff must establish the existence of a legally enforceable contract by proving (1) meeting of the minds, (2) consideration, and (3) mutuality of obligation. *Dom J. Moreau & Son, Inc. v. Federal Pacific Electric Co.*, 378 A.2d 151, 153 (Me. 1977). The plaintiff must also establish a material breach of a term of the contract, causation, and damages. *Me. Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248. The Plaintiff's statements of material fact establish the existence of a valid contract between TD Bank and Environ and that Environ agreed to pay the full amount due upon demand. The Plaintiff's statements of material fact also establish the existence of a valid contract between TD Bank and Smalley and that Smalley agreed to guarantee full and punctual payment on the debt. Plaintiff has also proven, through the affidavit testimony of Carolyn Cote stating that the Defendants have failed to pay the amounts owed, that

2

both Environ and Smalley failed to comply with material terms of those contracts. There is no dispute as to TD Bank's performance and TD Bank has proven the amount of damage it has suffered resulting from non-payment. Therefore, the statements of material fact establish each element of the count without dispute as to material fact and summary judgment is properly granted on these claims.

ii.    *Unjust enrichment*

To prevail on a claim for unjust enrichment, the complaining party must show that: "(1) it conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value." *Platz Assocs. v. Finley*, 2009 ME 55, ¶ 27, 973 A.2d 743, 750 (citing *Me. Eye Care Assocs. v. Gorman*, 2008 ME 36, ¶ 17, 942 A.2d 707, 712). As shown above, TD Bank has sufficiently proven each of these elements in its statements of material fact by proving that it loaned money to Environ, that Environ appreciated that it was receiving money as a loan, and that the expectations of the parties was that the loan amounts would be repaid with interest. Therefore, TD Bank is entitled to judgment on this claim.

**The entry is:**

The Plaintiff's Motion for Summary Judgment is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 3\20\12

_____
Joyce A. Wheeler
Justice, Superior Court

3

Plaintiff-Arthur Cerullo Esq
Defendants-David Perkins Esq
-Quinn Collins Esq