STATE OF MAINE                          SUPERIOR COURT
YORK ,SS:                               DOCKET NO. CV-11-0046
                                        ·YoR - 8/13/2012

J. Donald Lavoie,                )
                   Plaintiff,    )
                                 )
                                 )
              v.                 )         JUDGMENT
                                 )
                                 )
Duane Hanson ,                   )
Leslie Hanson, S. June Lavoie    )
                   Defendants    )


This matter was heard in a three  day trial which commenced on July 1, 2012. Each of the parties was present along with counsel. The court has carefully considered all the evidence and briefs.

At primary issue is the validity of a deed dated July 14, 2004 in which Don and June Lavoie conveyed to Duane Hanson and Leslie Hanson real property located in Hollis Maine.

The deed was executed at the law office of Kevin Grimes,Esq. with both Mr. and Mrs. Lavoie present. The details of the documents were discussed between Attorney Grimes and Mr. and Mrs. Lavoie.

The court concludes that Mr. Lavoie freely and voluntarily executed the deed, will and other documents on July 14, 2004. While it is clear that Mr. Lavoie has difficulty reading, the court does not conclude that June Lavoie misled or otherwise acted inappropriately at either the initial meeting with Attorney Grimes or at the execution of these documents. The court does not find undue influence was imposed upon Mr. Lavoie in the execution of these documents.

While Mr. Lavoie claims now he neither intended nor understood the express purpose and content of the deed the court concludes that was as a result of his unwillingness to review or otherwise properly pay attention to the documents he was executing. The court concludes this was  a transparent transaction.


Count 2 of the complaint is captioned "conversion" but the court granted an oral motion at trial to consider the allegations in that count as a claim for unjust enrichment. Rule 8 of the Maine Rules of Civil Procedure requires the court to construe pleadings to

do substantial justice. The rules of pleading do not require that a count be labeled but simply state the facts upon which the claim is based and the relief that is requested.

Count 2 alleges each of the elements of unjust enrichment and therefore is treated as a claim for unjust enrichment.

In *Platz v. Finley 973 A.2d 743 ( Me. 2009)* the Law Court reiterated the elements for unjust enrichment. These are (1) conferring a benefit ; (2) the defendant having knowledge of the benefit being conferred and; (3) acceptance or retention was under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

Mr. and Mrs. Lavoie invested nearly the entire proceeds of the sale of their home in Biddeford into the Hollis property after the property was deeded to the Hansons. Mr. Lavoie would routinely refer to it as his land. Each of the parties was aware that the construction of the home was funded nearly in its entirety from the sale proceeds of the Lavoie's previous home.

The Hansons agreed to a plan in which all the parties would live together in the home with an expectation that they would also assist the Lavoies in their retirement years. However,it became apparent early on that the plan to all live together in the Hollis home was untenable.

The Lavoies left the Hollis home and after living together for a while ,separated.

Eventually, June and Don were were divorced. The issue of the proceeds from the Biddeford sale/ Hollis property were deferred from the divorce case to this case. Given that those issues necessarily involved determination of the rights of the Hansons , Rule 111 of M.R.Civ.P would not allowed this determination in the divorce case.

The court concludes that Duane and Leslie Hanson accepted the proceeds of the Biddeford sale to construct their current home in Hollis with full knowledge of the source of the funds. Each of the Hansens knew, as Mr. Hanson admitted on cross examination ,that the receipt of the funds was not intended as a gift.

Under these circumstances the court concludes it would be inequitable and unfair for the Hansons to retain the benefit of the proceeds of the Lavoie sale invested into their home. However, this investment was a joint decision of Don Lavoie and June Lavoie and concerned money that belonged to each of them .

June Lavoie did not receive any significant benefit from the expenditure of the money into the Hollis home. However if this court was asked to address this issue in the divorce case the funds invested/ sale proceeds would've likely been divided equally.

Accordingly the measure of damages for unjust enrichment in this case to Mr. Lavoie is one half of these amounts expended into the construction of the home which the court concludes is accurately set out in Exhibit A to the Plaintiff's post-trial brief. This sum is $ 91,972.88.

The court does not reach the issue of the statute limitations defense as it is rendered moot by this decision and the fund expenditures are within the limitation period.

Judgment on all other claims for relief other than that for unjust enrichment is rendered to the Defendants.

Judgment for the Plaintiff on Count 2 is in the amount of $ 91,972.88 plus applicable interest and costs against Defendants Duane and Leslie Hanson. On count 2 judgment is for the Defendant June Lavoie.

Any and all other claims for relief are denied.

The clerk is directed to incorporate by reference as follows:

"On Count 2 of the complaint, Judgment for the Plaintiff against Defendants Duane and Leslie Hansen jointly and severally in the amount of $91,972.88 plus applicable pre-and post judgment interest and court costs. On all remaining counts Judgment for the Defendants including Judgment for the Defendant June Lavoie on count 2 of the complaint"

Dated: August , 13 2012

_____
JUSTICE, MAINE SUPERIOR COURT

ATTORNEY FOR PLAINTIFF:
JOHN LEMIEUX ESQ
12 REVERE STREET
PORTLAND ME  04103

ATTORNEY FOR DEFENDANT S JUNE LAVOIE:
JAMES AUDIFFRED ESQ
LAW OFFICE OF JAMES AUDIFFRED
PO BOX 1005
SACO ME  04072

ATTORNEY FOR DEFENDANTS DUANE HANSON AND LESLIE HANSON:
ALEXANDER WILSON SAKSEN ESQ
BENDETT & MCHUGH
30 DANFORTH ST SUITE 309
PORTLAND ME  04103