

STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-179

CROP PRODUCTION SERVICES, INC. )
)
　　　　　Plaintiff, )
)
　　v. )
)
MAINE APPLE COMPANY, LLC, and )
PETER BOLDUC, )
)
　　　　　Defendants, )
)
　　and )
)
ANDROSCOGGIN SAVINGS BANK )
)
　　　Trustee Process Defendant.)

RECEIVED & FILED

ORDER

ANDROSCOGGIN
SUPERIOR COURT

Before the court is Plaintiff Crop Production Services, Inc.'s motion for summary judgment.

## I.　Background

Plaintiff Crop Production Services, Inc. ("CPS") is a Delaware corporation with a place of business in Lewiston, Maine. (Pl.'s V. Compl. ¶ 1.) Defendant Maine Apple Company, LLC ("Maine Apple") is a Maine Limited Liability Company with a principal place of business in Portland, Maine. (Pl.'s V. Compl. ¶ 2; Def.'s Ans. ¶ 2.) Defendant Peter Bolduc is the owner of Maine Apple and a resident of Poland, Maine. (Pl.'s V. Compl. ¶ 3; Def.'s Ans. ¶ 3.)

On or about June 11, 2013, CPS and Maine Apple entered into a Commercial Credit Agreement (the "Agreement"). (Supp. S.M.F. ¶ 1.) Under the terms of the Agreement, CPS agreed to extend credit to Maine Apple for the purchase of products and services. (Supp. S.M.F. ¶ 3.) Bolduc assumed personal liability as guarantor for the

1

payment and performance of all obligations owed to CPS by Maine Apple pursuant to the Agreement. (Supp. S.M.F. ¶ 4.)

On November 3, 2014, CPS filed a verified complaint alleging breach of contract against Maine Apple ("Count I"), breach of contract against Peter Bolduc as guarantor ("Count II"), *quantum meruit* against Maine Apple ("Count III"), and unjust enrichment against Maine Apple ("Count IV") as well as a claim for trustee process against Androscoggin Savings Bank ("Count V"). (Pl.'s V. Compl. ¶¶ 13-28.) Maine Apple and Bolduc filed their answer on February 24, 2015. (Def.'s Ans.) On May 21, 2015, CPS served requests for admissions on both Maine Apple and Bolduc pursuant to Maine Rule of Civil Procedure 36. (Gregory Aff. ¶ 4, Ex. B.) Neither Maine Apple nor Bolduc served CPS with answers or objections to the requests for admissions within 30 days. *Id.* On July 2, 2015, CPS moved for summary judgment on Counts I, II, III, and IV. (Pl.'s Mot. Sum. J. 1.) Neither Maine Apple nor Bolduc responded to CPS's motion for summary judgment.

## II. Standard of Review

Summary judgment is appropriate if the parties' statements of material fact and the cited record indicate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citations and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* When a plaintiff moves for summary judgment on its claims, the plaintiff has the burden of demonstrating that each element of its claims are established without

2

dispute as to any material fact in the record. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015.

When a motion for summary judgment is properly supported, a party opposing summary judgment must respond with specific facts indicating a genuine issue for trial. M.R. Civ. P. 56(e). If an opposing party fails to properly respond, the moving party's factual assertions will not be deemed admitted merely because of the opposing party's failure to respond. *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015. The moving party must still properly support each factual assertion with citation to the record. M.R. Civ. P. 56(h)(4); *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015. Therefore, the moving party still has the burden of establishing the absence of a genuine issue of material fact. *Cach, LLC*, 2011 ME 70, ¶ 9, 21 A.3d 1015.

### III. Discussion

#### A. CPS's Requests for Admissions Deemed Admitted

Under Maine Rule of Civil Procedure 36(a), a party may serve written requests for admissions upon another party regarding any matters within the scope of discovery. M.R. Civ. P. 36(a). The responding party must serve answers or objections to the request for admissions within 30 days, otherwise the matters will be deemed admitted. *Id.* Any matters admitted under Rule 36(a) are conclusively established for the purposes of the pending action unless the court permits the responding party to withdraw or amend the admissions. M.R. Civ. P. 36(b). Thus a party's failure to timely respond to a request for admissions or move for withdrawal conclusively establishes the facts contained therein for the purposes of summary judgment. *Platz Associates v. Finely*, 2009 ME 55, ¶¶ 24-25, 973 A.2d 743.

In the present case, CPS served requests for admissions on both Maine Apple and Bolduc on May 21, 2015. (Gregory Aff. ¶ 4, Ex. B.) Neither Maine Apple nor

3

Bolduc served CPS with a response. *Id.* Therefore, the matters asserted in the CPS's requests for admissions to both Maine Apple and Bolduc are deemed admitted under Rule 36 for the purposes of summary judgment.

**B.      CPS's Breach of Contract Claim Against Maine Apple**

To prevail on a breach of contract claim, a plaintiff must establish: (1) the parties had a legally binding contract, which requires evidence of mutual assent by all parties to be bound by all material terms of the contract; (2) the defendant breached a material term of the contract; and (3) defendant's breach caused the plaintiff to suffer damages. *Tobin v. Barter*, 2014 ME 51, ¶¶ 9-10, 89 A.3d 1088.

In its supporting statement of material facts, CPS asserts that CPS and Maine Apple entered into Commercial Credit Agreement on or about June 11, 2013. (Supp. S.M.F. ¶ 1.) Under the terms of the Agreement, CPS agreed to extend credit to Maine Apple for the purchase of products and services. (Supp. S.M.F. ¶ 3.) Maine Apple agreed to assume responsibility for all purchases of products and services and to pay the full price of each item of product or service due upon the date shown on CPS's monthly invoices for each purchase. (Supp. S.M.F. ¶¶ 2, 7.) Maine Apple also agreed that it would be assessed a finance charge of 1.8% (21% APR) for the first $25,000 and 1.0% (12% APR) for amounts above $25,000 for any invoice not paid in full on or before the due date and to pay reasonable attorney's fees and expenses incurred by CPS in enforcing the Agreement. (Supp. S.M.F. ¶¶ 8-9.)

CPS also asserts in its supporting statement of material facts that Maine Apple directed CPS to furnish certain products to Maine Apple, that CPS did furnish the products, that Maine Apple approved and accepted the products, and for which CPS has not been paid. (Supp. S.M.F. ¶¶ 5-6.) CPS asserts that Maine Apple is in default of the Agreement for failure to make the required payments. (Supp. S.M.F. ¶ 11.)

4

Lastly, CPS asserts that, as of August 31, 2014, Maine Apple owed CPS $49,218.63 plus attorney's fees, costs of collection, and interest. (Supp. S.M.F. ¶ 12.) Furthermore, CPS asserts it has incurred $7,232.50 in attorney's fees, $266.21 in costs, and expects to incur an additional $1,400.00 in attorney's fees in conjunction with the present motion for summary judgment. (Supp. S.M.F. ¶ 13.)

To support the majority of its statements of material fact, CPS cites to the request for admissions served upon Maine Apple. (Supp. S.M.F. ¶¶1-3, 5-9, 11-12; Gregory Aff. ¶ 4, Ex. B.) Because Maine Apple failed to timely respond to the request for admissions or subsequently move to withdraw any admissions, all of the assertions contained in the request for admissions are deemed admitted for the purposes of summary judgment. Additionally, CPS cites the affidavit of its attorney, Jay S. Gregory, to support its calculation of its attorney's fees and costs incurred as a result of Maine Apple's breach. (Supp. S.M.F. ¶ 13.) Because CPS properly supports this statement of facts by citation to an affidavit based on personal knowledge, and Maine Apple failed to respond to CPS's motion for summary judgment and properly controvert CPS's statement of facts, those facts are also deemed admitted. M.R. Civ. P. 56(h)(4); *Platz Associates*, 2009 ME 55, ¶ 18, 973 A.2d 743. Therefore, CPS has established there is no genuine issue of fact regarding each element of its claim for breach of contract against Maine Apple. The statement of facts establish there was a legally binding Commercial Credit Agreement between CPS and Maine Apple, that Maine Apple breached the Agreement by failing to pay CPS, and that CPS suffered damages as a result.

## C.     CPS's Breach of Contract Claim Against Bolduc as Guarantor

The personal guaranty of contract by a guarantor is its own separate and independent contract. *Casco Northern Bank, N.A. v. Moore*, 583 A.2d 697, 699 (Me. 1990)

5

(internal citation omitted). Thus, to hold a guarantor liable, the plaintiff must establish the same elements for breach of contract: the existence of a legally binding contract, breach, and damages discussed above. *Tobin*, 2014 ME 51, ¶¶ 9-10, 89 A.3d 1088.

In its supporting statement of material facts, CPS asserts that Bolduc assumed personal liability for the payment and performance of all obligations owed to CPS by Maine Apple pursuant to the Agreement. (Supp. S.M.F. ¶ 4.) CPS asserts that Bolduc further agreed as guarantor to pay all CPS's collection costs and attorney's fees as stated in the Agreement. (Supp. S.M.F. ¶ 10.) CPS further asserts neither Maine Apple nor Bolduc have paid for the products and services rendered by CPS and are in default of the Agreement. (Supp. S.M.F. ¶ 11.) CPS asserts it has suffered damages as a result. (Supp. S.M.F. ¶¶ 12-13.)

Again, to support the majority of its statements of material fact, CPS cites to the request for admissions served upon Bolduc. (Supp. S.M.F. ¶¶ 4, 10-12; Gregory Aff. ¶ 4, Ex. B.) Because Bolduc failed to timely respond to the request for admissions or subsequently move to withdraw any admissions, all of the assertions contained in the request for admissions are deemed admitted for the purposes of summary judgment. Additionally, CPS cites the affidavit of its attorney, Jay S. Gregory, to support its calculation of its attorney's fees and costs. (Supp. S.M.F. ¶ 13.) Because CPS properly supports this statement of facts by citation to an affidavit based on personal knowledge, and Bolduc failed to respond to CPS's motion for summary judgment and properly controvert CPS's statement of facts, those facts are also deemed admitted. M.R. Civ. P. 56(h)(4); *Platz Associates*, 2009 ME 55, ¶ 18, 973 A.2d 743. Therefore, CPS has established there is no genuine issue of fact regarding each element of its claim for breach of contract against Bolduc. The statement of facts establish that Bolduc agreed to personally guaranty the Commercial Credit Agreement, that Bolduc breached the

6

agreement to guaranty the Commercial Credit Agreement by failing to pay CPS, and that CPS suffered damages as a result.

### D. CPS's *Quantum Meruit* Claim Against Maine Apple

Under a *quantum meruit* claim, a plaintiff may recovery the value of services or materials rendered to the defendant under an implied contract. *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269. To prevail, the plaintiff must establish: "(1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." *Bowden v. Grindle*, 651 A.2d 347, 351 (Me. 1994). A *quantum meruit* claim is available to a plaintiff when the formal elements of an express contract are not met. *Paffhausen*, 1998 ME 47, ¶ 9, 708 A.2d 269. Thus, the existence of an express contract generally precludes recovery under a *quantum meruit* claim, particularly when a party has fully preformed its obligations under an express contract and all that remains is for the other party to pay. Horton & McGehee, *Maine Civil Remedies* § 11-1 at 229, § 11-2(a)(2) at 234 (4th ed. 2004); *see Restatements (Second) of Contracts* § 373(2) (1981).

As discussed above, CPS has established there is no genuine issue of fact that CPS and Maine Apple entered into an express contract, that Maine Apple breached the contract by failing to pay CPS, and that CPS has suffered damages. (Supp. S.M.F. ¶¶ 1-3, 7-9, 11-13.) Therefore, because CPS is entitled to recovery under its breach of an express contract claim, it is not entitled to recovery from Maine Apple under its *quantum meruit* claim.

### E. CPS's Unjust Enrichment Claim Against Maine Apple

Unjust enrichment is an equitable remedy that permits plaintiff to recover the value of a benefit retained by the defendant when no contractual relationship exists.

7

*Aladdin Elec. Associates v. Town of Old Orchard Beach*, 645 A.2d 1142, 1145 (Me. 1994). To prevail on a claim of unjust enrichment, the plaintiff must establish: (1) "a benefit conferred upon the defendant by the plaintiff;" (2) "an appreciation or knowledge by the defendant of the benefit;" and (3) "the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Id.* at 1144 (internal citation omitted). As an equitable remedy, unjust enrichment is only available to the plaintiff when there exists no adequate remedy at law. *Keniston v. JPMorgan Chase Bank*, 2007 ME 29, ¶ 9 n.6, 918 A.2d 436.

As discussed above, CPS has established there is no genuine issue of fact that CPS and Maine Apple entered into an express contract, that Maine Apple breached the contract by failing to pay CPS, and that CPS has suffered damages. (Supp. S.M.F. ¶¶ 1-3, 7-9, 11-13.) Therefore, because CPS has an adequate remedy at law under its breach of contract claim, it is not entitled to recovery from Maine Apple under its unjust enrichment claim.

## IV.    Conclusion

The court grants summary judgment for Plaintiff Crop Production Services, Inc. on Counts I and II for breach of contract against Maine Apple Company, LLC and Peter Bolduc. For the reasons stated above, Counts III and IV are denied.

Date:  8/28/15

MaryGay Kennedy
Justice, Superior Court

8

Attorney for: CROP PRODUCTION SERVICES INC
JAY S GREGORY  - RETAINED
LECLAIRRYAN
ONE INTERNATIONAL PL 11TH FL
BOSTON MA 02110

**DOCKET RECORD**

vs
MAINE APPLE COMPANY LLC - DEFENDANT

Attorney for: MAINE APPLE COMPANY LLC
RICHARD P OLSON  - RETAINED 02/24/2015
PERKINS OLSON  PA
32 PLEASANT ST
PO BOX 449
PORTLAND ME 04112-0449

PETER BOLDUC  - DEFENDANT

Attorney for: PETER BOLDUC
RICHARD P OLSON  - RETAINED 02/24/2015
PERKINS OLSON  PA
32 PLEASANT ST
PO BOX 449
PORTLAND ME 04112-0449

ANDROSCOGGIN SAVINGS BANK - PARTIES IN INTEREST

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 11/03/2014

## Docket Events:

11/03/2014 FILING DOCUMENT - COMPLAINT FILED ON 11/03/2014

11/03/2014 Party(s):  CROP PRODUCTION SERVICES INC
          ATTORNEY - RETAINED ENTERED ON 11/03/2014
          Plaintiff's Attorney: JAY S GREGORY

11/03/2014 Party(s):  CROP PRODUCTION SERVICES INC
          MOTION - EX PARTE ATTACH/TRUSTEE PROC FILED WITH AFFIDAVIT ON 11/03/2014
          WITH MEMORANDUM OF LAW, AFFIDAVIT OF JAY GREGORY

11/03/2014 Party(s):  CROP PRODUCTION SERVICES INC
          MOTION - MOTION TO IMPOUND FILED ON 11/03/2014

11/03/2014 Party(s):  CROP PRODUCTION SERVICES INC
          MOTION - OTHER MOTION FILED ON 11/03/2014
          EXPARTE MOTION FOR WRIT OF ATTACHMENT

11/21/2014 Party(s):  CROP PRODUCTION SERVICES INC
          MOTION - OTHER MOTION GRANTED ON 11/21/2014
          MARYGAY  KENNEDY , JUDGE
          EXPARTE MOTION FOR WRIT OF ATTACHMENT