J-S75009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| IBRAHIM ALY | |
| Appellant | No. 2856 EDA 2013 |

Appeal from the Judgment of Sentence September 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006077-2013

BEFORE: ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 23, 2015**

Appellant, Ibrahim Aly, appeals from the September 12, 2013 judgment of sentence of time-served to 23 months' imprisonment concurrent with two years of probation imposed after the trial court found him guilty of theft by unlawful taking and receiving stolen property.[1] Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with **Anders v. California**, 386 U.S. 738 (1967), and its progeny. After careful review, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The certified record reveals the following relevant factual and procedural history of this case. On April 10, 2013, complainant, Bikhit

_____

[1] 18 Pa.C.S.A. §§ 3921(a) and 3925(a), respectively.

Radwan, was working at the newsstand he owns, located at the corner of Spring Garden Street and Broad Street in Philadelphia. N.T., 8/27/13, at 11-12. At approximately 11:50 a.m., Appellant asked Radwan for $1,000. *Id.* When Radwan refused, Appellant began insulting him and his family. *Id.* Appellant then reached into Radwan's pocket and took $200 from him. *Id.* Appellant also told Radwan that Radwan could not go to the police and file a report because he could not speak English.[2] *Id.* at 15. On two occasions prior to the April 10, 2013 incident, Appellant asked Radwan for $1,000. *Id.* at 14.

On May 15, 2013, the Commonwealth filed an information charging Appellant with the aforementioned offenses as well as robbery and simple assault.[3] Criminal Information, 5/15/13. Appellant waived a jury trial, and the case proceeded to trial on August 20, 2013. After the Commonwealth rested, Appellant moved for judgment of acquittal on the simple assault charge. N.T., 8/27/13, at 22. The trial court granted Appellant's motion then bifurcated the trial in order for Appellant to secure character witnesses to testify on his behalf. *Id.* at 24, 28. The trial resumed on September 12, 2013. Appellant testified on his own behalf, and the defense rested without calling any character witnesses. *See generally* N.T., 9/12/13, at 4-24. The

_____

[2] At trial, Radwan provided testimony via an Arabic interpreter.

[3] 18 Pa.C.S.A. §§ 3701(a)(iv) and 2701(a)(1), respectively.

trial court found Appellant guilty of theft by unlawful taking and receiving stolen property and acquitted Appellant of the robbery charge. On October 1, 2013, the trial court denied Appellant's post-sentence motion.[4] Appellant filed a timely notice of appeal on October 11, 2013.[5]

In his **Anders** brief, counsel has raised the following issue on Appellant's behalf.

> Was the evidence sufficient to support Mr. Aly's convictions for theft and receiving stolen property?

**Anders** Brief at 3.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an **Anders** brief shall comply with the

---

[4] In addition to the counseled post-sentence motion and notice of appeal, filed on behalf of Appellant, on October 4, 2013, Appellant filed an untitled document, *pro se*, listing several "violations" of his rights and errors at trial. Appellant's *Pro Se* Correspondence, 10/4/13. The trial court took no action in response to this filing. **See Commonwealth v. Cooper**, 27 A.3d 994, 1006-1007 (Pa. 2011) (explaining that a *pro se* litigant is not permitted to engage in hybrid representation by filing *pro se* when represented by counsel, *quoting* **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993)).

[5] On October 21, 2013, the trial court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days. On November 6, 2013, the trial court granted Appellant an extension to file within 21 days of receipt of the notes of transcripts from the trial. Thereafter, on March 10, 2014, counsel for Appellant filed a statement of intent to a file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to *Commonwealth v. Millisock*, 973 A.2d 748 (Pa. Super. 2005) and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v.*

- 4 -

*Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting*

*Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Instantly, we conclude that counsel has satisfied the technical requirements of *Anders* and *Santiago*. Specifically, counsel has provided a procedural and factual summary of the case with references to the record. He has advanced one issue that could arguably support an appeal, but has concluded after "a conscientious examination of the record, the controlling case law and the applicable statutes[,] … that there is nothing in the record" that would provide Appellant with appellate relief. *Anders* Brief at 8. Counsel also discussed the relevant statutes and provided his analysis as to why he has concluded there are no non-frivolous issues worthy of appeal. *Id.* at 9-11. Counsel has attached to his brief a letter to Appellant, which meets the notice requirements of *Millisock*. On July 18, 2014, Appellant filed a *pro se* request for additional time to file his brief. Thereafter, on October 9, 2014 Appellant filed his *pro se* brief. We proceed to our independent review of the record to determine if the issue identified by counsel in his *Anders* brief is wholly frivolous before turning to Appellant's *pro se* brief.

Counsel has advanced that the only issue arguably supporting an appeal is based on the sufficiency of the Commonwealth's evidence. *Anders* Brief at 3. This Court employs a well-established standard of review over claims challenging the sufficiency of evidence.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. … When reviewing a sufficiency claim[,] the [C]ourt is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Kelly*, 102 A.2d 1025, 1028 (Pa. Super. 2014) (*en banc*) (citation omitted). Moreover, "[t]he Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citation omitted), *appeal denied*, 102 A.3d 985 (Pa. 2014). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." *Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014).

As noted, Appellant's convictions are for theft by unlawful taking and receiving stolen property. Section 3921 delineates the elements of theft by unlawful taking. "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Further, "deprive" is defined as follows.

**§ 3901. Definitions**

**"Deprive."**

>    (1) to withhold property of another permanently or for so extended a period as to appropriate a  major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or

>    (2) to dispose of the property so as to make it unlikely the owner will recover it.

18 Pa.C.S.A. § 3901.  Receiving stolen property is codified as follows.

## § 3925.  Receiving stolen property

> **(a) Offense defined.**--A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a).

In this case, Radwan testified that Appellant reached into Radwan's shirt pocket and removed $200 from him.  N.T., 8/27/13, at 13.  He also testified as to Appellant's reaction after he took the money from Radwan.

> [Commonwealth:]

> Q.  …  Did [Appellant] say anything else to you when you told him you were going to go to the police?

> [Radwan:]

> A.   He said to me, you don't even speak a couple words together in English.  Go.  Whatever you want to do.  Go do whatever you want to do.

> Q.  Now, sir, did you ever get that money back?

A. No.

***Id.*** at 17-18.

Instantly, viewing the evidence in the light most favorable to the Commonwealth, we conclude sufficient evidence was produced to prove each material element of theft by unlawful taking and receiving stolen property beyond a reasonable doubt. ***See Kelly***, ***supra***. The evidence established Appellant reached into Radwan's shirt pocket and removed $200. Furthermore, given the circumstances surrounding the encounter, *i.e.* Appellant suggesting Radwan could not report the incident because of his language barrier and the additional fact that Appellant never returned the money, it was reasonable for the trial court to infer the removal of the $200 from Radwan was undertaken with the intent to deprive him of it permanently. ***See id.***; ***Kearney***, ***supra***; ***see also*** 18 Pa.C.S.A. §§ 3921, 3901. The trial court was free to credit the testimony of Radwan and disbelieve the testimony Appellant proffered on his own behalf. ***See Vogelsong***, ***supra***. Because receiving stolen property is a lesser-included offense of theft by unlawful taking, when the Commonwealth proved theft by unlawful taking beyond a reasonable doubt, the crime of receiving stolen property was also established.[6] ***See Commonwealth v. Young***, 35 A.3d

---

[6] We note the trial court merged the two counts for the purpose of sentencing Appellant.

54, 63. (Pa. Super. 2011), *appeal denied*, 48 A.3d 1249 (Pa. 2012).

Accordingly, this claim is meritless.

Having determined that the issue identified in counsel's **Anders** brief is without merit, we now turn to the issues raised in Appellant's *pro se* brief.[7] Appellant's *pro se* brief contains the following issues, verbatim.

> [I].  There was no evidence at all to warrant the arrest police and the bill bond[]commission violation to rule of law.
>
> [II].  Philadelphia County District Attorney and Commonwealth of Pennsylvania Prosecutor violation to the rule of law.
>
> [III].  Mr. Radwan had given contradictory and fulse [sic] than his test[a]ments in inc[i]dent report dated 04\10\2013.
>
> [IV].  The municipal court, the common pleas court abuse its decretion [sic] in ruling and perseding [sic].
>
> [V].  Violation of Defender Association of Philadelph[ia] attorn[e]y to the rule of law.
>
> [VI.]  Judge opinion violation to common law[,] state, federal, the state constitution and the Bill of Right.

Appellant's *Pro Se* Brief at 6.[8]

---

[7]  **See Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007) (stating that, "when conducting an **Anders** review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief," *quoting* **Commonwealth v. Baney**, 860 A.2d 127, 129-130 (Pa. Super. 2004), *appeal denied*, 877 A.2d 459 (Pa. 2005)).

Instantly, we conclude the substantial defects in Appellant's brief preclude this Court from engaging in meaningful review of his additional claims. Pa.R.A.P. 2101 (permitting, when brief or reproduced record contain substantial defects, appeal to be quashed or dismissed).[9] "[A]lthough this Court is willing to construe liberally material filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Freeman***, --- A.3d ---, 2014 WL 6982658, at *6 (Pa. Super. 2014) (citation omitted). Therefore, "a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Id.*** (citation omitted). We are mindful that "[t]he appellate brief is the vital

*(Footnote Continued)* ────────────

[8] Pursuant to Pennsylvania Rule of Appellate Procedure 2111, an appellant's brief must include a separate and distinct section entitled "Statement of the questions involved." Pa.R.A.P. 2111(a)(4). "The statement of the question involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. … No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). In Appellant's statement of the question involved he advances the issue, "[w]as the evidence sufficient to support [Appellant]'s convictions for theft and receiving stolen property as the interpretation to law and statue [sic] implyed [sic][?]" Appellant's *Pro Se* Brief at 3. We have addressed this issue above, as it was identified by counsel. Appellant however has failed to conform to our rules of appellate procedure by enumerating the above issues in his summary of the argument section. ***Id.*** at 6; ***see*** Pa.R.A.P. 2111(a)(4), 2116(a); ***see also*** Pa.R.A.P. 2111(a)(6), 2118.

[9] In addition to defects in Appellant's brief that preclude substantive review, we note Appellant has also failed to comply with various formatting requirements. Appellant's brief is single-spaced, and he failed to comply in several respects regarding organization. Pa.R.A.P. 124; ***see generally*** Pa.R.A.P. 2111(a)(1)-(11), 2114-2119.

tool in any effort to obtain relief on appeal." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010), *appeal denied*, 29 A.3d 796 (Pa. 2011). Further, "an appellant … must provide this Court with substantive argument, fortified by reference to relevant law, to trigger this Court's reviewing function." ***Commonwealth v. Dozier***, 99 A.3d 106, 111 (Pa. Super. 2014). It follows, "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Umbelina v. Adams***, 34 A.3d 151, 161 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012), *quoting* ***In re W.H.***, 25 A.3d 330, 339 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011); Pa.R.A.P. 2119(a). "[M]ere recitation of boilerplate law followed by conclusory assertions of error typically does not suffice to ripen an issue for our review." ***Umbelina***, ***supra*** (citation omitted).

Appellant's *pro se* brief includes indiscernible legal arguments supported by inapplicable law. For example, in his first issue, Appellant argues the Philadelphia Bail Bond Commission "violated to rules 5 'federal rules of criminal procedure' as grantee requirements by federal statue [sic] for [Appellant] initial to lower court appearance which must occurs first as federal law mandated …." Appellant's *Pro Se* Brief at 7. Appellant also occasions his arguments with quotations of legal principles yet fails to ascribe a source to them, as illustrated by an excerpt from his second issue.

"'Where testimonial evidence is an issue, the sixth amendment demands what common law requires a proper opertunity [sic] for cross examination' furthermore the Constitution statue [sic] doesn't put any limition [sic] on cross-examination ….'" ***Id.*** at 8. While vaguely citing to the U.S. Constitution, Appellant does not credit any source, relevant or otherwise, with the proposition he advances regarding cross-examination.[10] Appellant's remaining arguments, as well as his conclusion, are similarly defective.[11] His only cognizable argument advances that the complainant "has no credibility." ***Id.*** at 16. However, it was for the trial court to determine the weight and credibility of the testimony proffered at trial. ***See Kearney***, ***supra***. Therefore, we conclude Appellant has waived review of his additional issues for failure to develop his arguments in a meaningful fashion enabling appellate review. ***See Umbelina***, ***supra***.

Accordingly, based on the foregoing discussion, we affirm Appellant's September 12, 2013 judgment of sentence and grant counsel's petition to withdraw.

_____

[10] We note Radwan was the only witness for the Commonwealth and was cross-examined by defense counsel at trial. ***See*** N.T., 8/27/13, at 19-22.

[11] We observe that Appellant miscomprehends the relief he seeks. In addition to requesting his "motion to quash" be granted and suggesting the complainant is indebted to him for pain and suffering, Appellant contends, "[t]he [s]imple [a]ssault charge must be lifted, it has been actual in the Court of Common Pleas[.]" Appellant's *Pro Se* Brief at 15-16. As noted, at the conclusion of the trial, the trial court granted the motion for acquittal as to the simple assault charge. N.T., 8/27/13, at 22, 24.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/23/2015