THEODORE BLANCHARD
*vs.*
ROBERT E. BASS

Penobscot.    Opinion, March 5, 1958.

*Harmon & Nichols,* for plaintiff.

*Mitchell & Ballou,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WILLIAMSON, C. J. This automobile accident case is before us on exceptions to the granting of defendant's motion for a nonsuit at the close of the plaintiff's evidence. The plaintiff seeks to recover damages caused, in the words of the bill of exceptions, "solely by the wanton misconduct of the Defendant."

The rule governing our consideration of a case thus taken from the jury is well established. Our duty is "simply to determine whether, upon the evidence, under the rules of law, the jury could properly have found for the plaintiff." *Johnson* v. *New York, New Haven & Hartford R. R.*, 111 Me. 263, 265, 88 A. 988; *Glazier* v. *Tetrault*, 148 Me. 127, 90 A. (2nd) 809; *McCaffrey et al.* v. *Silk, Jr.*, 150 Me. 58, 104 A. (2nd) 436; *Sanborn* v. *Elmore Milling Co.*, 152 Me. 355, 129 A. (2nd) 556.

A jury could find the following facts:

The accident took place on North Main Street in the City of Brewer at about seven-thirty o'clock on an evening in late November. The weather was "misting and snowing, rain mixed," and the street was slippery. There was considerable traffic on the street.

The defendant, a television repairman, was at work at a nearby house. He had left his automobile parked without lights on the northerly side of the street headed in an easterly direction. In the words of the police officer, "It was parked on the wrong side of the road headed in the wrong direction." The plaintiff placed the right wheels three or four feet from the center of the street and "pretty well out in the center of the road."

The plaintiff was traveling westerly in his sedan. He came over the top of a slight rise 300 to 500 feet from the

scene of the accident and, proceeding at a speed of 20 to 25 miles an hour, crashed head-on into the front of the defendant's automobile. The lights from several trucks approaching from the opposite direction momentarily blinded the plaintiff, and his first glimpse of the parked automobile came at the moment of the collision. He had then no opportunity to get around the defendant's car without hitting oncoming trucks.

The parties are not in accord upon the ground of the nonsuit and the applicable rules of law. The disagreement chiefly centers on whether wanton misconduct under our law differs from negligence as urged by the plaintiff.

The defendant, who made the motion for a nonsuit, takes the position in substance that wanton misconduct is no more than negligence dressed in a colorful phrase and that the plaintiff is barred by contributory negligence as a matter of law. On his part the plaintiff contends that wanton misconduct is not negligence, that the action is solely for wanton misconduct, and that accordingly contributory negligence is not a bar.

Neither party loses sight of the possibility that his position may not be sustained. Understandably, therefore, the plaintiff argues that the case should go to a jury if it is determined to be a negligence action, and the defendant that the nonsuit was properly granted if it is determined to be an action for wanton misconduct.

We shall later develop the point that wanton misconduct differs from negligence. It remains important, however, to ascertain the theory on which the case was tried.

We note that in each of the two counts (identical, except that one covers personal injuries and the other property damage) the plaintiff alleges that he "was in the exercise of due care," and also facts sufficiently setting forth negligence on the part of the defendant with further allegations such

as "grossly indifferent to his duty . . . with utter disregard for the rights of the Plaintiff . . . directly due to the wanton misconduct of the (defendant)," and "with reckless disregard for the safety of the Plaintiff and his property . . ." The plaintiff also seeks punitive damages.

The declaration is a sufficient vehicle for the ordinary tort action with the essential allegations of plaintiff's due care and defendant's negligence. There is also set forth a claim for wanton misconduct. In short, the declaration is good, either for negligence or for wanton misconduct.

The case was tried, it must be noted, on the theory that the damages *were caused solely by wanton misconduct.* It is so stated in the bill of exceptions, seen by the defendant and allowed by the presiding justice. We consider, therefore, that the case is governed by the law applicable to wanton misconduct.

The sensitive point in the plaintiff's position is the treatment of contributory negligence. The defendant's duty to the plaintiff was of course not to harm him through lack of due care. Proof of a defendant's negligence presents no problem to a plaintiff who rests his case on wanton misconduct. It is readily apparent that the plaintiff here charges wanton misconduct and not negligence for the purpose of eliminating the bar of contributory negligence.

Wanton misconduct is defined in Restatement, Torts Sec. 500, in these words:

> "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him."

> "*Special Note:* The conduct described in this Section is often called 'wanton or wilful misconduct' both in statutes and judicial opinions. On the other hand, this phrase is sometimes used by courts to refer to conduct intended to cause harm to another."

It is of interest that the Legislature used the above definition from the Restatement in creating the misdemeanor of reckless homicide in "An Act Relating to Negligently Operating a Motor Vehicle so as to Cause Death." P. L., 1957, Chap. 333 (R. S., Chap. 22, Sec. 151-B).

Wanton misconduct differs from negligence in kind and degree. In our view, wanton misconduct is neither a wilful wrong in the sense of an intentional infliction of harm, nor negligence in the sense of a failure to use due care. *Blanchette* v. *Miles,* 139 Me. 70, 27 A. (2nd) 396. Due care is the care exercised by the reasonably prudent man under like circumstances. *Raymond* v. *Portland R. R. Co.,* 100 Me. 529, 62 A. 602.

Carelessness is the characteristic of negligence; a reckless disregard of danger to others, of wanton misconduct. In *Standard Oil Company* v. *Ogden & Moffet Company,* 242 F. (2nd) 287, at p. 291, the court said:

> " Wantonly' means without reasonable excuse and implies turpitude, and an act to be done wantonly must be done intelligently and with design without excuse and under circumstances evincing a lawless, destructive spirit. It is a reckless disregard of the lawful rights of others, such a degree of rashness as denotes a total want of care, or a willingness to destroy, although destruction itself may have been unintentional."

See also *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 139 A. 698; *Sankey* v. *Young,* 370 Pa. 339, 88 A. (2nd) 94; *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio 567, 200 N. E. 843, 119 A. L. R. 646; Prosser on Torts, 2d ed. 290; 38 Am. Jur.,

Negligence Sec. 178; 65 C. J. S., Negligence Sec. 9c; 4 Blashfield, Cyclopedia of Automobile Law and Practice, Sec. 2771.

We are familiar with the concept of wanton misconduct in our law. For example, in the land cases we measure the duty to an invitee by negligence or lack of due care and to a licensee or trespasser in terms of wanton, wilful or reckless injury. *Kidder* v. *Sadler*, 117 Me. 194, 103 A. 159; *Robitaille* v. *Maine Central Railroad Co.*, 147 Me. 269, 86 A. (2nd) 386.

> "To entitle a trespasser to recover for an injury, he must do more than show negligence. It must appear that a wanton or intentional injury was inflicted on him.
>
> \* \* \* \* \* \* \* \* \*
>
> "There was, on the part of defendant, no premeditation, no formed intention to do injury, by violence, to the person of either plaintiff; there was no wantonness; not even a recklessness that might be said to partake of the nature of wantonness."
>
> *Foley, Malloy* v. *Farnham Co.*, 135 Me. 29, 35, 188 A. 708.

The defendant, as we have seen, contends that wanton misconduct in reality is no more than a degree of care or negligence. He then invokes the principle firmly established in Maine and elsewhere with few exceptions that there are no degrees of care or negligence. Following are illustrative statements:

> "There are no degrees of care. 'Ordinary care' or 'due care' is the legal rule, and the amount of care depends on the circumstances, and must be commensurate with the danger involved."
> *Cratty* v. *Aceto & Co.*, 151 Me. 126, 131, 116 A. (2nd) 623.
>
> "The legal duty of the defendant towards plaintiffs' intestates in negligence cases of this type in

this jurisdiction is to use due or ordinary care under the attendant circumstances. It makes no difference what type of carriage is averred in the declaration. However, in the observance of due care differing facts necessarily change the rule of conduct of one who would perform his duty as to such care. There are no degrees of care and no degrees of negligence in this state. The significance of the term 'ordinary care' varies with the attendant and surrounding circumstances."

*Nadeau* v. *Fogg, Watier* v. *Fogg,* 145 Me. 10, 14, 70 A. (2nd) 730.

"While the law of negligence on the civil side of the Court in this State knows only one degree of care, namely due or ordinary care, yet in the observance of due care differing facts necessarily change the rule of conduct of one who would perform his duty as to such care. The practice of distinguishing degrees of negligence, such as gross, ordinary and slight, tends to confusion."

*Young* v. *Potter,* 133 Me. 104, 112, 174 A. 387.

The familiar rule is applicable in cases of negligence; that is to say, in cases where the lack of care is measured by the standard of the reasonably prudent man. We decline to place duty or obligation in such situations upon the amount of variation from the standard. To illustrate, in the automobile guest case liability rests, in our state, on lack of due care, and in Massachusetts, on gross negligence. *Avery* v. *Thompson,* 117 Me. 120, 103 A. 4.

"Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the wilful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence, or which renders a defendant in rightful possession of real estate liable to a trespasser whom he has injured. It falls short of being such reckless

disregard of probable consequences as is equivalent to a wilful and intentional wrong."

*Learned* v. *Hawthorne,* 269 Mass. 554, 169 N. E. 557.

See also *Commonwealth* v. *Welansky* (Mass.), 55 N. E. (2nd) 902, arising from the Cocoanut Grove fire.

The types of conduct under discussion; namely, negligence, wanton misconduct, and wilful misconduct are often defined in terms of degree and negligence. In discussing the well understood differences between civil and criminal negligence, we said in *State* v. *Hamilton,* 149 Me. 218, 239, 100 A. (2nd) 234:

> "In cases of this kind, in order to convict a respondent of manslaughter based upon negligence, it is incumbent on the State to establish a degree of negligence or carelessness which is denominated gross or culpable. *State* v. *Wright,* 128 Me. 404. 'Gross or culpable negligence in criminal law involves reckless disregard for the lives or safety of others. It is negligence of a higher degree than that required to establish liability upon a mere civil issue.' *State of Maine* v. *Ela,* 136 Me. 303, 308."

See also *State* v. *Jones,* 152 Me. 188, 126 A. (2nd) 273.

"Gross negligence" is wanton or reckless misconduct under our cases, but not in Massachusetts. "Gross negligence" is the equivalent of wanton or reckless misconduct. *Avery* v. *Thompson, supra; Austin* v. *Ins. Co.,* 126 Me. 478, 139 A. 681; *Bouchard* v. *Ins. Co.,* 114 Me. 361, 96 A. 244; *Learned* v. *Hawthorne, supra.*

Any confusion from the terminology used does not, of course, alter the basic principles, namely, that there are no degrees of care or negligence under our law, and that negligence and wanton misconduct differ in kind and degree.

Wanton misconduct, however, cannot be entirely separated from negligence. The reckless act but not the inflic-

tion of injury is intended and so the injury or damage is accidentally suffered. The contention that the usual automobile liability insurance policy covering accidents does not cover the assured in such a situation was forcefully disposed of in *Sheehan* v. *Goriansky,* 321 Mass. 200, 72 N. E. (2nd) 538, 173 A. L. R. 497.

It is well settled that contributory negligence, that is, lack of due care, does not bar recovery for wanton misconduct. Wanton misconduct, however, on the part of the plaintiff is such a bar. The rule is stated in Restatement, Torts Sec. 482:

> "(1)  Except as stated in Subsection (2), a plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety.

> "(2)  A plaintiff is barred from recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety if, knowing of the defendant's reckless misconduct and the danger involved to him therein, the plaintiff recklessly exposes himself thereto."

In Massachusetts lack of due care is a defense to gross negligence in the passenger guest case, but not to wanton misconduct. *Learned* v. *Hawthorne, supra;* 2 Harper and James, Torts 1213; Prosser, Torts 290 (2d. ed.) ; 65 C. J. S., Negligence Sec. 131a; 38 Am. Jur., Negligence Sec. 178. See also Annot. 38 A. L. R. 1424 and 72 A. L. R. 1357.

Our court has used language of interest in two ordinary negligence actions in which contributory negligence of the plaintiff was sharply in issue and in neither of which was wanton misconduct the problem. In *Cooper & Company* v. *Can Company,* 130 Me. 76, 79, 153 A. 889, we said:

> "There can be no recovery unless there was negligence on the part of defendant's driver. But, since no willful or wantonly reckless act is claimed,

there can be no recovery if Mr. Crosby stepped out by the bumper from a position of safety and obscurity, without taking the precautions that due care for his own protection demanded."

The words used plainly indicate that our law was in accord with the principles stated above. In *St. Johnsbury Trucking Co.* v. *Rollins*, 145 Me. 217, 219, 74 A. (2nd) 465, we said:

"For the defendant to have his truck standing as it was, under the conditions then and there present, unlighted, when it was equipped with headlights in working condition, was a breach of the duty to use due and reasonable care which he owed to travelers approaching his truck from the direction in which the plaintiff was coming. A finding to the contrary by the jury could not be sustained. Such unexplained conduct on such a night and under such conditions was a wanton disregard of the rights and safety of the travelling public."

The words "wanton disregard" in the setting of the opinion are descriptive of the acts of the defendant within the bounds of ordinary negligence. There is no suggestion to the contrary.

We come now to the application of the pertinent rules to the evidence taken most favorably for the plaintiff.

In our view the evidence with all reasonable inferences drawn therefrom falls far short of proof of wanton misconduct sufficient to submit to a jury. The defendant parked on a city street on a dark evening without lights. Blinded by lights of oncoming trucks the plaintiff failed to see the defendant's car. What reckless disregard of consequences to other travelers lies in this act? At most we find no more in the defendant's actions than negligence, or lack of due care.

Negligence of defendant and due care of plaintiff were not the issues before us. The accident was caused, says the

plaintiff, solely by the wanton misconduct of the defendant, and it is here that the plaintiff failed to present a case to the jury.

The entry will be

*Exceptions overruled.*