Michael J. **ALLARIE**, Plaintiff

v.

Patrick **DONNELLY**, Defendant

No. CIV.02–162–P–DMC.

United States District Court, D. Maine.

April 8, 2003.

Anthony K. Ferguson, Fales & Fales, Lewiston, ME, for Michael Allarie, Plaintiff.

Aaron Kenneth Baltes, David P. Very, Norman, Hanson & Detroy, Portland, ME, for Patrick J Donnelly, Defendant.

### MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [1]

DAVID M. COHEN, United States Magistrate Judge.

Defendant Patrick Donnelly moves for summary judgment as to Count II of plaintiff Michael Allarie's two-count complaint on grounds that the tort it alleges—wanton misconduct—is not recognized in the State of Maine and, alternatively, the facts cannot support a finding of liability thereunder. *See* Motion for Partial Summary Judgment ("Motion") (Docket No. 25); Complaint, attached to Notice of Removal (Docket No. 1). For the reasons that follow, the Motion is granted.

### I. Summary Judgment Standards

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir.2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

### II. Factual Context

The parties' statements of material facts, credited to the extent either admitted or supported by record citations in accordance with Local Rule 56 and viewed in the light most favorable to Allarie as non-moving party, reveal the following relevant to this decision:

Donnelly is a retired steelworker who resides in Stevenson, Connecticut with his wife of forty-seven years, Eileen Donnelly. Statement of Material Facts in Support of Motion for Partial Summary Judgment ("Defendant's SMF") (Docket No. 26) ¶ 1; Opposing Statement of Material Facts ("Plaintiff's Opposing SMF") (Docket No.

---

1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge David M. Cohen conduct all proceedings in this case, including trial, and to order entry of judgment.

29) ¶ 1. Allarie is unemployed and resides with his mother in Auburn, Maine. *Id.* ¶ 2.

On or about September 12, 1999, as Allarie and Donnelly were operating motor vehicles on Center Street near its intersection with East Bates Street in Auburn, the parties' vehicles collided. *Id.* ¶ 3. The speed limit on Center Street in the area of the accident is thirty-five miles per hour. *Id.* ¶ 4. The accident occurred as the Donnellys were driving to their seasonal property in Starks, Maine. *Id.* ¶ 5.

According to Allarie, the accident occurred in the following manner:

(a) Allarie was on Broadview Avenue at its intersection with Center Street. *Id.* ¶ 7(a). Two vehicles, including the Donnelly vehicle, passed Allarie in the left-hand northbound lane. *Id.* Allarie pulled out into the right-hand northbound lane, "punched it" and passed both vehicles going approximately forty-five miles per hour. *Id.*

(b) After passing the Donnelly vehicle, in the span of fifty to seventy-five yards, Allarie slowed from forty-five to ten or fifteen miles per hour to make a right-hand turn onto East Bates Street. *Id.* ¶ 7(b).

(c) Donnelly switched into the right-hand northbound lane and struck Allarie's turning vehicle. *Id.* ¶ 7(c). Donnelly was traveling thirty-five to forty miles per hour at the time of impact. *Id.*[2]

The sun was reflecting off the back of Allarie's vehicle. Plaintiff's Opposing SMF ¶ 12; Reply Statement of Material Facts in Support of Motion for Partial Summary Judgment ("Defendant's Reply SMF") (Docket No. 32) ¶ 12. Donnelly stated that he could not see Allarie's blinker because of the sun. Plaintiff's Opposing SMF ¶ 13; Deposition of Michael James Allarie ("Allarie Dep.") at 26. Donnelly's vehicle was never more than a car length behind Allarie's vehicle. Plaintiff's Opposing SMF ¶ 14; Deposition of Patrick Donnelly ("Donnelly Dep.") at 15, 35. Donnelly saw that Allarie was commencing a right-hand turn. Plaintiff's Opposing SMF ¶ 15; Donnelly Dep. at 34. Donnelly never slowed his vehicle prior to impact. Plaintiff's SMF ¶ 16; Donnelly Dep. at 34.[3] Donnelly left the scene without the accident having been reported to police. Plaintiff's SMF ¶ 18; Donnelly Dep. at 25–26.[4]

2. As Donnelly observes, *see* Reply Memorandum in Support of Motion for Partial Summary Judgment ("Reply") (Docket No. 31) at 2 n. 1, counsel for Allarie submitted his own affidavit regarding the alleged lack of traffic-control devices at the accident scene, *see* Affidavit of Anthony K. Ferguson (Docket No. 30). Donnelly argues that even if the submission of such an affidavit were proper, which it is not, and even if the information contained therein were relevant, which it is not, the affidavit should not be considered inasmuch as it is not cited in Allarie's statement of material facts. *See* Reply at 2 n. 1. The affidavit is cited in Allarie's statement of material facts. *See* Plaintiff's Opposing SMF ¶¶ 6(a)–6(b). However, I disregard it inasmuch as it is not material to disposition of the instant motion.

3. Donnelly qualifies this statement, asserting that he did not have time to apply his brakes and attempted to move into the left-hand lane but could not. *See* Defendant's Reply SMF ¶ 16; Donnelly Dep. at 11–13. Donnelly also asserts that at the time of impact he was going only five miles per hour. *See* Defendant's Reply SMF ¶ 16; Donnelly Dep. at 34. However, for purposes of summary judgment I accept Allarie's assertion that Donnelly was going thirty-five to forty miles per hour at that time.

4. Donnelly qualifies this statement, noting that he departed the scene only after getting out of his vehicle, observing minimal damage to either vehicle and exchanging insurance information with Allarie. Defendant's Reply SMF ¶ 18; Donnelly Dep. at 20–21. Allarie's further statement that Donnelly was aware

The airbags in the Donnelly vehicle did not deploy during the accident. Defendant's SMF ¶ 8; Plaintiff's Opposing SMF ¶ 8. Donnelly's vehicle was barely damaged in the accident. *Id.* ¶ 9. Allarie's vehicle sustained minor rear-end damage. *Id.* ¶ 10. Allarie also claims that his front strut was somehow damaged in the accident. *Id.*

## III. Analysis

For purposes of the instant motion, I need not decide whether Maine recognizes a standalone cause of action for wanton misconduct. Even assuming *arguendo* that it does, a trier of fact could not reasonably find Donnelly liable for such misconduct. The Law Court has defined wanton misconduct as follows:

> Wanton misconduct differs from negligence in kind and degree. In our view, wanton misconduct is neither a wilful wrong in the sense of an intentional infliction of harm, nor negligence in the sense of a failure to use due care. Due care is the care exercised by the reasonably prudent man under like circumstances.

> Carelessness is the characteristic of negligence; a reckless disregard of danger to others, of wanton misconduct. "Wantonly" means without reasonable excuse and implies turpitude, and an act to be done wantonly must be done intelligently and with design without excuse and under circumstances evincing a lawless, destructive spirit. It is a reckless disregard of the lawful rights of others, such a degree of rashness as denotes a total want of care, or a willingness to destroy, although destruction itself may have been unintentional.

*Blanchard v. Bass,* 153 Me. 354, 358, 139 A.2d 359 (1958) (citations and internal quotation marks omitted). In *Blanchard,* also an automobile-accident case, the defendant left his car parked without lights and protruding into the center of the road on a dark, stormy night. *See id.* at 355, 363, 139 A.2d 359. The plaintiff, momentarily blinded by the lights of oncoming traffic as he approached the defendant's vehicle, failed to see it in time to avoid crashing into it head-on. *See id.* at 355–56, 139 A.2d 359. The Law Court found that the evidence, with all reasonable inferences drawn therefrom, fell short of proof of wanton misconduct sufficient to submit to a jury. *See id.* at 363, 139 A.2d 359.

Here, too, the evidence even viewed in the light most favorable to Allarie discloses at most a lack of due care. A trier of fact reasonably could find that Donnelly, an elderly man, failed to exercise due care in following too closely behind Allarie's vehicle in the short time he was behind it, perhaps slightly exceeding the posted speed limit and failing to brake to avoid the collision. However, no reasonable fact-finder could discern "turpitude" or "willingness to destroy" in Donnelly's conduct behind the wheel. Nor do the facts bear out a hit-and-run scenario, Donnelly having stopped, gotten out of his car and exchanged insurance information with Allarie before proceeding on his way.

## IV. Conclusion

For the foregoing reasons, the Motion is **GRANTED**.

---

that Allarie was injured in the accident, *see* Plaintiff's Opposing SMF ¶ 17, is disregarded inasmuch as it is neither admitted nor supported by the record citation given, which concerns a discussion between Allarie and an Auburn police officer, not a discussion between Allarie and Donnelly, *see* Allarie Dep. at 29.