STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
CIVIL ACTION
DOCKET NO.: BCD-RE-18-01✓

ARS ARCHITECTURE, P.A., )
)
Plaintiff )
)
v. )
)
MERRILL DRIVE, LLC )
)
and )
)
WINTER STREET, LLC )
)
and )
)
JACOB DOWLING )
)
Defendants )
)
)

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

This case involves a dispute over design and architectural services allegedly performed by Plaintiff, ARS Architecture, P.A., for the benefit of Defendants, and for which ARS claims it has not been paid.

BACKGROUND

The case has been the subject of prior motion practice by some of the parties. Defendants Merrill Drive, LLC and Jacob Dowling previously moved to dismiss some or all of the claims against them. Plaintiff in turn moved to amend the complaint. By Order dated March 27, 2018 (docketed March 28, 2018), the Court granted Dowling's motion to dismiss the mechanics lien claim against him; otherwise denied his and Merrill Drive's motion to dismiss; and granted Plaintiff's motion to amend. Plaintiff filed its amended complaint on March 29, 2018 (and Defendants filed their answer, affirmative defenses, and

counterclaims on April 19, 2018). Plaintiff's amended complaint asserts a mechanics lien claim (Count 1) against Merrill Drive, and claims for breach of contract, quantum meruit, and unjust enrichment (Counts 2, 3 and 4) against all three Defendants: Merrill Drive LLC, Winter Street LLC, and Jacob Dowling.

Now pending before the Court is Defendants' Motion for Summary Judgment.[1] Although captioned as a Motion for Summary Judgment, Defendants' motion only seeks partial summary judgment. Defendant Merrill Drive LLC seeks summary judgment on Count 1, which is the mechanics lien claim. Merrill Drive does not seek summary judgment on Counts 2, 3, and 4, which are the claims for breach of contract, quantum meruit, and unjust enrichment.[2] Defendants Winter Street LLC and Jacob Dowling seek summary judgment on Counts 2, 3, and 4, which are all the claims against them. Plaintiff has not sought summary judgment on the four counterclaims.

For the reasons set forth below, Defendants' Motion is Granted in Part and Denied in Part. Merrill Drive's request for summary judgment on Count 1, the mechanics lien claim, is Denied. Winter Street and Jacob Dowling's request for summary judgment on all counts against them is Granted. The case will now move forward on Plaintiff's four counts against Defendant Merrill Drive, and on Counterclaim Plaintiffs' four counterclaims against ARS Architecture.

---

[1] Pursuant to M.R. Civ. P. 7(b)(7), the Court exercises its discretion to decide the motion without a hearing.
[2] In Defendants' Reply memorandum—filed after Plaintiff failed to oppose Defendants' Statement of Facts in Support of Motion for Summary Judgment—Defendants argue that Plaintiff's failure to oppose their Statement of Facts means Merrill Street LLC should also be entitled to partial summary judgment on Counts 2, 3, and 4. However, Defendants' Motion for Summary Judgment does not explicitly seek summary judgment on Counts 2, 3, and 4, and Plaintiff therefore had no notice that those counts against Merrill Street were at risk. It would thus be unfair to now extend Defendants' Motion for Summary Judgment to Counts 2, 3 and 4 against Merrill Street. Even if the Court were to extend the Motion to those counts against Merrill Street, the Court would deny the Motion because as to those counts against Merrill Street, genuine issues of fact remain.

## FACTS

The undisputed material facts establish the following. ARS Architecture, P.A. ("ARS") is a firm located in Knox County providing design and architecture services; its president is Eric Allyn. Merrill Drive LLC ("Merrill Drive") and Winter Street LLC ("Winter Street") are both limited liability companies with operations in Knox County. Jacob Dowling ("Dowling") is a member of both Merrill Drive and Winter Street. Merrill Drive is the sole owner of property located at 15 Merrill Drive, Rockland, Maine (the "Property"). Merrill Drive planned to renovate the Property into a facility to provide secure storage for fine art and antiques. ARS proposed to and actually provided certain design and architectural services related to the Property. To the extent payments were made for services provided by ARS, those payments were made by Merrill Drive.

The value provided by ARS was confined to Merrill Drive. ARS did not provide any materials, labor, or services to Winter Street or to Jacob Dowling. ARS did not provide anything of value or benefit to Winter Street or to Jacob Dowling. To the extent Dowling received any benefit, it was only an indirect benefit because he was an owner of Merrill Drive. To the extent there was an enforceable contract to provide services related to the Property, ARS asserts the contract is binding only on Merrill Drive and no other parties. Winter Street and Dowling were not parties to a contract with ARS regarding the Property.

On July 26, 2017, ARS filed a mechanics lien on the Property in the Knox County Registry of Deeds, based on services provided through a binding contract that had a total estimated contract price of $171,000, but for which $101,503.48 was still owed after all credits were given. The jurat on the mechanics lien affidavit provides as follows:

3

"Personally appeared the above named Eric E. Allyn, and made the above statements under oath based on their own knowledge, information and belief and insofar as information and belief are concerned, they believed them to be true."

## LEGAL STANDARD

"Summary judgment is no longer an extreme remedy." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18. Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. CityMortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

## DISCUSSION

Merrill Street attacks the mechanics lien claim against it on two grounds: (1) the amount claimed as owed exceeds the actual amount owed, and (2) the jurat used on Eric Allyn's affidavit filed in support of the lien is fatally defective. For the reasons discussed below, both arguments fail.

Merrill Street advances its first argument based on 10 M.R.S. § 3254. That provision of the mechanics lien statute provides as follows: "No inaccuracy in such a statement relating to said property, if the same can be reasonably recognized, or in stating the amount due for labor, materials or services invalidates the proceedings, unless it appears that the person making it willfully claims more than his due." 10 M.R.S. § 3254. Under Section 3254, inaccuracy in a lien statement by itself is insufficient to invalidate a lien claim. *Platz Assocs. v. Finley*, 2009 ME 55, ¶ 19, 973 A.2d 743. Willfulness is an

4

essential element of Section 3254. *Id.*

The term "willfully" in Section 3254 is undefined. In other areas of Maine law, the term "willfully" is intended "to embrace conduct on the part of the [party] which displays an utter and complete indifference to and disregard for the rights of others." *Guilmet v. Galvin*, 597 A.2d 1348, 1349 (Me. 1991) (statutory action for timber trespass). Willfulness has been equated with gross negligence. *See Leadbetter v. Family Fun Mgmt.*, No. CV-17-173, 2018 Me. Super. LEXIS 34, at *17 (Feb. 6, 2018) ("The concept of 'gross negligence' is a 'synonym for willful and wanton injury' and has been described as the 'equivalent of wanton or reckless misconduct.'") (quoting *Blanchard v. Bass*, 153 Me. 354, 361, 139 A.2d 359, 363 (1958); *Bouchard v. Dirigo Fire Ins. Co.*, 114 Me. 361, 365, 96 A. 244, 246 (1916)); *see also WahlcoMetroflex, Inc. v. Baldwin*, 2010 ME 26, ¶ 16, 991 A.2d 44 (in the context of determining whether a corporate officer is entitled to the protection of the business judgment rule, "[g]ross negligence is defined as 'reckless indifference to or a deliberate disregard of the whole body of stockholders or actions which are without the bounds of reason.'"). The determination of whether conduct is willful is a question of fact. *See Guilmet*, 597 A.2d at 1349.

Defendants set forth several dozen statements of fact for the purpose of establishing the inaccuracy of the amounts Plaintiff claims are due.[3] Based on these asserted

---

[3] Defendants filed a Statement of Material Facts in Support of Motion for Summary Judgment comprised of sixty-four numbered statements. Plaintiff did not timely file an opposing statement. See the Court's Order dated February 12, 2019, denying Plaintiff's Motion for Leave to File Opposing Statement of Material Fact. Thus, any facts contained in Defendants' Statement of Material Facts that are material to the Court's decision on summary judgment are deemed admitted. M.R. Civ. P. 56(h)(4). In this case, the statements of fact pertaining to the alleged inaccuracies in the amounts sought and amounts owed are immaterial to the Court's summary judgment determination based on the willfulness issue. Accordingly, there is no occasion or reason to deem those facts admitted, and the Court declines to make any findings of fact regarding the contested invoices, amounts paid, or amounts owed. In any event, since the moving parties' motion for summary judgment is denied in part, any facts deemed admitted solely for the summary judgment motion have no preclusive effect at trial. M.R. Civ. P. 56(d).

5

inaccuracies, Merrill Drive argues that Plaintiff willfully seeks "double recovery" and amounts based on "unconscionable budget increases." However, Section 3254 plainly provides that "no inaccuracy" invalidates the lien claim, and thus the element of willfulness must be proven by something other than—or in addition to—the asserted inaccuracies. Defendants offer no statements of fact—apart from the asserted inaccuracies—establishing that Plaintiff knew he was claiming more than his due, or acted with reckless indifference to or deliberate disregard for the rights of Merrill Drive.

The mechanics lien statute should be "interpret[ed] liberally" in favor of the lien holder. *HCI Corp. v. Voikos Constr. Co.*, 581 A.2d 795, 798 (Me. 1990). In that light, Section 3254 is akin to an affirmative defense, and requires a defendant moving for summary judgment on a mechanics lien claim based on 10 M.R.S. § 3254 to prove willfulness. *See, e.g., Platz Assoc.*, 2009 ME 55, ¶ 21, 973 A.2d 743 (in response to plaintiff's motion for summary judgment, defendant in a mechanics lien claim failed to generate an issue of fact on willfulness); *see also* Answer, Affirmative Defenses, and Counterclaims of Defendants, section entitled "Affirmative Defenses," ¶ 17. Here, as part of the Motion for Summary Judgment, Merrill Drive has not proven willfulness as an undisputed fact. At most, Merrill Drive in essence asks the Court to infer willfulness based on what Merrill Drive asserts is the magnitude of what it asserts is the difference between what was paid and what is owed.[4] On summary judgment sought by Defendants, and given the plain text of 10 M.R.S. § 3254, the Court is unwilling to draw such an inference. Accordingly, Merrill Drive's challenge to Count 1 based on 10 M.R.S. § 3254 is denied.

---

[4] If a plaintiff were moving for summary judgment, such a strategy might be sufficient to generate a dispute of material fact on the element of willfulness in order for a defendant to withstand summary judgment, *see Platz Assoc.*, 2009 ME 55, ¶ 21, 973 A.2d 743, but it is not enough for a defendant moving for summary judgment to satisfy its burden of proof.

6

Merrill Street advances its second argument—that of a supposedly defective jurat—based on *Pineland Lumber Co. v. Robinson*, 382 A.2d 33 (Me. 1978). However, the jurat found to be defective in *Pineland Lumber* is significantly different than the jurat used on Eric Allyn's affidavit in this case. *Id.* at 35-36. The jurat used in this case tracks the language of M.R. Civ. P. 4A(i), and satisfies the basic "subscribed and sworn to" requirement of the mechanics lien statute. 10 M.R.S. § 3253(1)(A). Accordingly, for this additional reason, Merrill Drive's motion for summary judgment on Count 1 is denied.

Winter Street and Dowling move for summary judgment on the breach of contract, quantum meruit, and unjust enrichment counts. Here, Plaintiff's failure to controvert the facts contained in Defendants' Statement of Material Facts[5] that are material to these counts is fatal to Plaintiff's claims against these two Defendants. The uncontroverted facts establish conclusively that Plaintiff performed no services for these two Defendants, provided nothing of value to these two Defendants, and did not contract with either of these two Defendants. Furthermore, Plaintiff has not come forward with undisputed facts to establish its prima facie case with regard to each element of these claims. For instance, Plaintiff has failed to come forward with any basis to establish a contract claim against either of these two Defendants, and the undisputed facts foreclose any peri-contract claims against them. To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *Oceanic Inn, Inc. v. Sloan's Cove, LLC*, 2016 ME 34, ¶ 26, 133 A.3d 1021. "When a plaintiff has the burden of proof on an issue, a court may properly grant summary judgment in favor of the defendant if it is clear that the defendant would be entitled to a judgment as a matter of

---

[5] See the Court's Order dated February 12, 2019.

law if the plaintiff presented nothing more than was before the court" when the motion was decided. *Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.*, 2005 ME 29, ¶ 9, 868 A.2d 220. Consequently, Defendants' Motion for Summary Judgment is granted in favor of Winter Street and Jacob Dowling. Summary judgment for Winter Street, LLC and Jacob Dowling is entered on Counts 2, 3, and 4 of the Complaint.

## CONCLUSION

Merrill Drive, LLC is denied summary judgment on Count 1 of the Complaint. Winter Street, LLC and Jacob Dowling are granted summary judgment on Counts 2, 3, and 4 of the Complaint. The case will now proceed on ARS Architecture's four remaining counts against Merrill Drive, and on Counterclaim Plaintiffs' four counterclaims against ARS Architecture.

SO ORDERED.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 2-21-2019

Judge, Business and Consumer Court

8

STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
LOCATION: PORTLAND

ARS ARCHITECTURE, PA,                )
                                     )
         Plaintiff,                  )
                                     )
    v.                               )        DOCKET NO. BCD-RE-18-01 ✓
                                     )
MERRILL DRIVE, LLC, et al.,          )
                                     )
         Defendants.                 )
                                     )
─────────────────────────────        )
                                     )
ARS ARCHITECTURE, PA,                )
                                     )
         Plaintiff,                  )
                                     )        DOCKET NO. BCD-CV-18-03 ✓
                                     )
    v.                               )
                                     )
WINTER STREET, LLC, et al.,          )
                                     )
         Defendants.

## COMBINED ORDER ON PLAINTIFF'S MOTIONS TO WITHDRAW AND AMEND ADMISSIONS

Pending before the Court in the two related and above-captioned matters is Plaintiff ARS Architecture's ("ARS") motions to withdraw and amend deemed admissions. Pursuant to its discretionary authority under M.R. Civ. P. 7(b)(7) the Court rules on the motions without hearing.

## BACKGROUND

On March 2, 2018, the Court heard oral argument on motions to dismiss in the above-captioned matters. At the hearing it was brought to the Court's attention that Defendants had served a request for admissions on ARS pursuant to M.R. Civ. P. 36(a) in both cases and that ARS had failed to respond to these requests within the thirty-day deadline imposed by the rule. As such, the requested admissions are deemed admitted under the rule, subject to the provisions of M.R. Civ.

1

P. 36(b). M.R. Civ. P. 36(a). The Court suggested that ARS could file a motion to request leave to withdraw its admissions and, if granted, respond substantively to the Defendants' requests. ARS thereafter filed the instant motions.

## STANDARD OF REVIEW

"Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits." M.R. Civ. P. 36(b). "[F]ailure to respond may not always be fatal; the court may, on motion, allow a party to withdraw or amend a deemed admission[.]" 2 Harvey & Merritt, *Maine Civil Practice* § 36:3 at 728 (3d, 2011 ed.) "The kind of prejudice contemplated by Rule 36(b) involves unavailability of key witnesses or last-minute difficulty in obtaining evidence on an issue thought to have been resolved by the request for admissions." *Id.* (citing *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).

## DISCUSSION

At the hearing and in its written motion, ARS was frank that its failure to respond to the Defendants' requests for admissions was a result of its counsel's "mistaken impression that all discovery requests were stayed pending a dispositive [m]otion." (Pl's Mot. Withdraw ¶ 4.)[1] ARS now asks this Court "not to excuse the error of its counsel" but "respectfully requests that . . . [it] be permitted to withdraw and amend those deemed admissions because doing so will subserve the presentation of the merits of this proceeding and will not prejudice Defendants[.]" (*Id.* ¶ 11.) The main thrust of Defendants' argument is that the deemed admissions relate to factual issues that

---

[1] Plaintiff's motions were virtually identical in both docket numbers.

2

should not be in controversy and that ARS's counsel has already admitted to the truth of those admissions before this Court at the March 2 hearing. ARS vehemently disputes that its deemed admissions relate to uncontroversial facts and could indeed foreclose one of its main arguments as to the personal liability of Defendant Jacob Dowling.

However, the standard by which this Court must review ARS's motion does not relate to the substance of the admissions. Rather, the burden is on the "the party who obtained the admission . . . to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits." M.R. Civ. P. 36(b). Whether "some of the requests went to the ultimate issue, involved matters that were contested . . . , entailed legal conclusions or were inadmissible at trial" is irrelevant to this inquiry. *See Diversified Comm'ns, Inc. v. Godard*, 549 A.2d 362, 363 (Me. 1988). The type of "prejudice" contemplated by the rules is not merely whether the deemed admissions are helpful to the Defendants' case; under such a standard, motions to withdraw or amend deemed admissions would virtually never be granted. Instead, the type of prejudice contemplated by the rule "involves unavailability of key witnesses or last-minute difficulty in obtaining evidence on an issue thought to have been resolved by the request for admissions." 2 Harvey & Merritt, *Maine Civil Practice* § 36:3 at 728 (3d, 2011 ed.).

Defendants make no showing of this kind of prejudice in their opposition to ARS's motion. Indeed, their argument as to prejudice is circular: "Defendants and the Court would be prejudiced by the withdrawal of admissions because they would contradict what ARS already has judicially admitted . . . ." (Def's Opp'n to Pl's Mot. Withdraw 6.)[2] To the extent that Defendants have relied on ARS's deemed admissions with the knowledge that ARS intended to file the instant motions, which are within the Court's discretionary authority and reviewed under a permissive standard,

---

[2] In No. BCD-RE-18-01.

3

that prejudice is outside the scope of what the Court should properly consider upon a motion brought pursuant to M.R. Civ. P. 36(b) to withdraw or amend deemed admissions.

In sum, Defendants have failed to meet their burden to show that they would be prejudiced in the manner contemplated by M.R. Civ. P. 36. The Court exercises its discretion and GRANTS Plaintiff ARS's motions to withdraw and amend deemed admissions.

## CONCLUSION

Based on the foregoing it is hereby ORDERED that:

Plaintiff ARS's motions to withdraw and amend deemed admissions in No. BCD-RE-18-01 and No. BCD-CV-18-03 are GRANTED. Plaintiff shall serve responses to the requests to admit within 21 days of the date of this order.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: 8/23/18

Richard Mulhern
Judge, Business and Consumer Court

Entered on the Docket: 8-93-18
Copies sent via Mail __ Electronically __

4

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
BUSINESS AND CONSUMER COURT
LOCATION: PORTLAND
DOCKET NO. BCD-RE-18-01 ✓

ARS ARCHITECTURE, PA,                    )
                                          )
          Plaintiff,                      )        COMBINED ORDER ON DEFENDANT
                                          )        MERRILL DRIVE, LLC'S MOTION TO
     v.                                   )        DISMISS COUNT I AND COUNT II,
                                          )        DEFENDANT JACOB DOWLING'S
MERRILL DRIVE, LLC, et al.,               )        MOTION TO DISMISS AND
                                          )        PLAINTIFF'S SECOND MOTION TO
          Defendants.                     )        AMEND COMPLAINT

This matter comes before the Court on Defendant Merrill Drive, LLC's ("Merrill Drive")

motion to dismiss Count I and Count II of—and Jacob Dowling's ("Dowling") (collectively,

"Defendants") motion to dismiss *in toto*—Plaintiff ARS Architecture, PA's ("ARS") Complaint

pursuant to M.R. Civ. P. 12(b)(6). ARS opposed the motions, and Defendants timely replied. The

Court heard oral argument on the motions on March 2, 2018. All parties were represented

through counsel and were heard. Plaintiff's Second Motion to Amend Complaint was filed after

the argument and is opposed by Defendants.

## PROCEDURAL POSTURE AND FACTUAL BACKGROUND

This is a dispute over work that was allegedly done by ARS for the benefit of

Defendants, and for which ARS claims it has not been paid. ARS claims it is owed $101,503.48

for this work. ARS filed its four-count Complaint on September 5, 2017, seeking recovery for

breach of contract (Count II), as well as equitable relief under a theory of quantum meruit (Count

III) and unjust enrichment (Count IV). ARS also seeks to recover under a purported mechanic's

lien (Count I) on the Defendants' premises. A copy of the mechanic's lien filed with the Knox

1

County Registry of Deeds (the "Mechanic's Lien") is attached to the Complaint as Exhibit B.[1] Merrill Drive seeks dismissal of only Count I and Count II. Dowling seeks dismissal of the entire Complaint.

Jacob Dowling is allegedly Merrill Drive's owner. (Pl's Compl. ¶ 4.)[2] ARS alleges that its contract for design and architectural services was with one or both Defendants, and that the work was done for the benefit of both.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## DISCUSSION

I.  THE EXHIBITS ATTACHED TO THE COMPLAINT DO NOT DEFEAT ARS'S BREACH OF CONTRACT CLAIM

Defendants' principal argument is that ARS did not have a contract with either Merrill Drive or Dowling, and urge the Court to rely on Exhibit A,[3] an attachment to the Complaint, to rule that ARS has failed to state a claim for breach of contract against them. (Merrill Drive Mot. Dismiss 4, Dowling Mot. Dismiss 7-8.)

---

[1] Because this document was attached to the pleading, the Court may consider it on this motion to dismiss without converting the motion to one for summary judgment. M.R. Civ. P. 10(c). *See also Moody v. State Liq. & Lott. Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

[2] The Court notes that there are two paragraphs numbered 4 in the Complaint. For the sake of simplicity, the Court simply treats both paragraphs as a single paragraph, numbered 4.

[3] See note 1 *supra*.

2

Exhibit A is titled "Proposal for Design Services: 15 Merrill Drive, Rockland, Maine." Page 14 of Exhibit A includes a signature line for "Jake Dowling, Winter Street LLC." The document is signed by a Joseph Russillo for ARS, but the signature line for "Jake Dowling, Winter Street LLC" is blank. At oral argument, ARS asserted that Exhibit A contains the material terms of the contract that it alleges it had with Merrill Drive and Dowling. Citing law from other jurisdictions, Defendants argue that ARS has therefore "pleaded itself out of court" by attaching Exhibit A, presumably because the signature line on page 14 of Exhibit A renders the exhibit inconsistent with ARS's allegation that it had a contract with Merrill Drive or Dowling individually. (Merrill Drive Mot. Dismiss 7, Dowling Mot. Dismiss 10-11.) *See McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006); *Groeb Farms, Inc. v. Alfred L. Wolff, Inc.*, No. 08-CV-14624, 2009 U.S. Dist. LEXIS 15395, at *9 (E.D. Mich. Feb. 27, 2009); *Wilson v. O'Brien*, No. 07 C 3994, 2007 U.S. Dist. LEXIS 91555, at *7 (N.D. Ill. Dec. 13, 2007).

The Court declines to accept Defendants' presumption. If the Court is to adopt any presumption when deciding a motion to dismiss, it must be to the plaintiff's advantage. *See Napieralski v. Unity Church of Greater Portland*, 2002 ME 108, ¶ 4, 802 A.2d 391 (quoting *In re Wage Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d 217) (courts must "examine the complaint in the light most favorable to the plaintiff" when deciding a motion to dismiss). In fact, one of the cases cited by Merrill Drive implicitly applied this principle in denying the defendant's motion to dismiss the plaintiff's claim for breach of contract. *Groeb Farms, Inc.*, No. 08-CV-14624, 2009 U.S. Dist. LEXIS 15395, at *8-10 ("A party may allege factually inconsistent theories of recovery . . . Plaintiff's Complaint could be read as pleading factually inconsistent theories . . . [or] as simply providing detail . . . . Plaintiff's breach of contract claim survives under either interpretation.") (emphasis removed).

3

ARS explicitly alleges that it had a contract with Defendants. (Pl's Compl. ¶¶ 5-7, 17-19.) Other factual allegations in the Complaint could give rise to the inference that ARS had an enforceable agreement with Defendants. (*Id.*) ARS will eventually have to reconcile the signature line of Exhibit A with its assertion at oral argument that Exhibit A contains the terms of the alleged agreement between ARS and Defendants, but it is not required to do so to survive this motion to dismiss. The Court cannot rule as a matter of law that between the allegations in the Complaint and Exhibit A there is no set of facts that would entitle ARS to relief for breach of contract. *See Bonney*, 2011 ME 46, ¶ 16, 17 A.3d 123.

Dowling raises additional grounds for his dismissal that are unique to him and are discussed in Part II of this Order, *infra*. However, Merrill Drive relies exclusively on this Court ruling that Exhibit A mandates dismissal of Count II. Because this Court rules otherwise, Merrill Drive's motion to dismiss Count II is DENIED. Merrill Drive's motion to dismiss Count I is premised on the Court dismissing Count II. (Merrill Drive Mot. Dismiss 7.) Because the Court determines that ARS has stated a claim in Count II, Merrill Drive's motion to dismiss Count I is also DENIED.

II.     DOWLING'S MOTION TO DISMISS

A. **Count I is Dismissed Against Dowling**

ARS has conceded that its lien claim should be dismissed as to Dowling in his individual capacity. (Pl's Opp. Mot. Dismiss 6.) The Court therefore GRANTS Dowling's motion to dismiss as to Count I.

B. **ARS Has Stated A Claim for Breach of Contract Against Dowling**

Dowling urges dismissal of Count II based on the "conspicuous absence of any legally binding contract concluded between ARS and Mr. Dowling." (Dowling Mot. Dismiss 8.)

4

Dowling's position is that he was never a party to any contract ARS may have had with either Merrill Drive or Winter Street. A person who is not a party to a contract cannot be held liable for breach of that contract. *Cty. Forest Prods. v. Green Mt. Agency, Inc.*, 2000 ME 161, ¶ 42, 758 A.2d 59 (citing *Mueller v. Penobscot Valley Hosp.*, 538 A.2d 294, 299 (Me. 1988)).

However, the issue before the Court on this motion is whether ARS has alleged facts that are sufficient to state a claim for breach of contract, not whether a contract concluded between ARS and Dowling. ARS's Complaint alleges that it had an agreement with Dowling whereby it would provide architectural services in return for payment, and that Dowling has not paid as agreed. (Pl's Compl. ¶¶ 4-8, 17-19.) *See Me. Energy Recovery Co. v. United Steel Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248 (breach of contract elements). ARS has thus stated a claim for breach of contract against Dowling. The Court therefore DENIES Dowling's motion to dismiss as to Count II.

### C. A Plaintiff May Allege the Existence of a Contract and Seek Recovery in Equity in the Same Pleading

Dowling argues that Count III and Count IV (the "equitable claims") must be dismissed because ARS "has pleaded itself out of court" as to these counts by alleging the existence of a binding contract in the same pleading. (Dowling Mot. Dismiss 8-9.) Dowling's argument is based on the rule that recovery for quantum meruit or unjust enrichment is limited to those situations in which "there is no contractual relationship." *Nadeau v. Pitman*, 1999 ME 104, ¶14, 731 A.2d 863. *See also June Roberts Agency, Inc. v. Venture Properties, Inc.*, 676 A.2d 46, 49 n. 1 (Me. 1996).

Maine law allows a plaintiff to plead alternative, and even inconsistent, claims for relief. M.R. Civ. P. 9(e)(2). The *June Roberts Agency* Court clarified that although the existence of a contractual agreement "precludes *recovery* on a theory of unjust enrichment," a plaintiff "is not

precluded from *pleading* both theories because a factfinder may find that no contract exists and may still award damages on the theory of unjust enrichment." *June Roberts Agency, Inc.,* 676 A.2d 46, 49 n. 1 (Me. 1996) (emphasis added). The Court declines to deviate from this controlling authority. That ARS has alleged the existence of a binding agreement between itself and Dowling does not foreclose its ability to pursue equitable relief.

### D. Count III and Count IV State A Claim Against Dowling in His Individual_ Capacity

Dowling next urges dismissal of the equitable claims on the grounds that his involvement in this dispute was exclusively in his capacity as a member/ manager of Merrill Drive and not as an individual. (Dowling Mot. Dismiss 7-8, 10-11.)

A LLC is "an entity distinct from its members." 31 M.R.S. § 1504(1). A member of a LLC "is not liable, solely by reason of being a member" for a liability of the LLC. 31 M.R.S. § 1544. In order to recover in quantum meruit or unjust enrichment against a defendant, a plaintiff must prove that the defendant received a benefit from the plaintiff. *See Cummings v. Bean,* 2004 ME 93, ¶ 9, 853 A.2d 221; *Smith v. Cannell,* 1999 ME 19, ¶ 12, 723 A.2d 876.

Dowling points to language in the Complaint and Mechanic's Lien that suggests ARS's work was for the benefit of Merrill Drive, and not necessarily Dowling as an individual. (Pl's Compl. ¶ 5; Ex. B ¶¶ 4, 7.) Elsewhere, however, the Complaint and the Mechanic's Lien allege that both Defendants benefitted from ARS's work. (Pl's Compl. ¶¶ 6, 13, 21, 25; Ex. B. ¶ 5.) Dowling argues that this renders the Complaint inconsistent, with the upshot that the inconsistent allegations defeat essential elements of ARS's claims in Count III and Count IV (*i.e.* that Dowling as an individual received some benefit from ARS's labors), mandating dismissal. (Dowling Mot. Dismiss 10-11.)

The Court disagrees. *See* M.R. Civ. P. 9(e)(2). ARS's allegations against Merrill Drive do

not negate those allegations that are addressed to the Defendants more broadly. To the extent that there is any ambiguity regarding who benefitted from ARS's work, that ambiguity must be resolved in favor of the plaintiff on a motion to dismiss. *See Bonney,* 2011 ME 46, ¶ 16, 17 A.3d 123.

ARS has stated a claim against Dowling individually for equitable relief under a theory of quantum meruit or unjust enrichment. The Court therefore DENIES Dowling's motion to dismiss as to Count III and Count IV.

### CONCLUSION

Based on the foregoing it is hereby ORDERED:

That Defendant Merrill Drive's motion to dismiss Count I and Count II is DENIED.

That Defendant Dowling's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Dowling's motion is GRANTED as to Count I. Dowling's motion is DENIED as to Count II, Count III, and Count IV.

That Plaintiff's Second Motion to Amend Complaint is GRANTED.

Defendants shall answer Plaintiff's Amended Complaint within 21 days. The matter will be set for an initial case management conference after that.

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

Dated: _____3/27/18_____

_____
Richard Mulhern
Judge, Business and Consumer Court

Entered on the Docket: 3-28-18
Copies sent via Mail ___ Electronically ✓

ARS Architecture, P.A.

    v.

Merrill Drive, LLC.,
and Jacob Dowling

**Plaintiff**

ARS Architecture, P.A.

Chad Cloutier, Esq.
and Nicholas Brown, Esq.
*18 Talbot Avenue*
*Rockland, ME 04841*

**Defendants**

Merrill Drive, LLC.,
and Jacob Dowling

Daniel Murphy, Esq
*PO Box 9729*
*100 Middle St*
*Portland, ME 04104-5029*